UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| QBE INSURANCE CORPORATION, | ) ) |
| Defendant. | ) |

Case No. 1:20-cv-06161

Judge Franklin U. Valderrama

Magistrate Judge Sunil R. Harjani

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS PURSUANT TO F.R.C.P.37(a)(3)(B)(iv)**

NOW COMES Defendant QBE Insurance Corporation ("QBE"), by and through its attorneys Kaufman Dolowich & Voluck, LLP, and for its Motion to Compel Plaintiff to Produce Documents Pursuant to F.R.C.P.37(a)(3)(B)(iv), states as follows:

1. This lawsuit arises out of an insurance claim made by Plaintiff under an insurance policy issued by QBE with respect to certain actions purportedly taken by Plaintiff's former employee, Jason Kolodzinski, allegedly resulting in a loss to Plaintiff. On or about March 1, 2018, Plaintiff provided QBE a Sworn Proof of Loss noting that the "loss of Money, Securities or Property resulting from Theft or Forgery totals >$250,000 – (under investigation) (USD)." By letters dated April 20, 2018, October 3, 2018, July 22, 2019, and February 6, 2020, QBE requested additional information from Plaintiff needed to investigate and evaluate Plaintiff's claim for coverage. To date, the requests set forth in these letters have not been fully addressed by Plaintiff.

2. On or about July 20, 2020, Plaintiff provided an Amended Sworn Proof of Loss, noting in part that "the amount of direct loss of Money from Theft or Forgery totals $588,800 (USD)…" By letter dated September 4, 2020, QBE requested additional documents and information directly in response to the Amended Proof of Loss and reiterated past requests for

documents still needed from Plaintiff so that QBE could fully investigate and evaluate Plaintiff's claim for coverage. Instead of providing the outstanding information needed by QBE to complete its claim investigation, on September 15, 2020, Plaintiff filed suit against QBE. On December 9, 2020, Plaintiff filed an Amended Complaint at Law (the operative complaint), alleging a single count against QBE, and alleging that "[QBE] has not compensated Plaintiff for the losses suffered by Plaintiff covered under the QBE Policy which is a breach the [sic] contractual and fiduciary obligations by Defendant QBE Insurance Company under the QBE Policy." (ECF No. 20.)

3. On January 15, 2021, QBE timely served Plaintiff with its First Set of Requests for Production, which largely repeated the requests for documents and information that remained outstanding from QBE's claim investigation, which remains incomplete due to same. (*See* Exhibit A.) Each of the Requests set forth in QBE's First Request for Production seek from Plaintiff documents in Plaintiff's possession that would support its claim for coverage under the subject policy. Specifically, the Requests sought:

a) documents that Plaintiff would rely on in support of its position in the litigation (Request No. 2);

b) documents that Plaintiff contends would evidence the financial interest of Jason Kolodzinski in, or any benefit received by Jason Kolodzinski from the subject transactions (Request No. 3);

c) communications to and from Jason Kolodzinski related to the subject transactions, or persons or entities involved in the subject transactions (Request No. 4);

d) communications to or from any of Plaintiff's personnel, related to the transactions at issue or Jason Kolodzinski (Request No. 5);

e) documents related to the investigation of the transactions by Plaintiff (Request No. 6);

f) documents related to Jason Kolodzinski's employment by Plaintiff, inclusive of his employee file (Request No. 7);

g) documents related to any attempt by Plaintiff to obtain proof that the services or items purchased in the subject transactions and described in Plaintiff's Amended Complaint were not provided or were provided at an inflated price (Request No. 8);

    h) documents related to Plaintiff's policies, procedures, or protocols for obtaining or paying for the types of services or items purportedly purchased in the subject transactions (Request No. 9);

    i) the purchase order corresponding to each service or item purportedly purchased by Plaintiff in the subject transactions (Request No. 10);

    j) Plaintiff's master vendor list, and any revisions thereto, effective from 2015 to 2018 (Request No. 11); and

    k) bank statements (and if not included therein, images of cancelled checks) reflecting all purported payments by Plaintiff for the subject transactions (Request No. 12).

4. On February 16, 2021, Plaintiff served written responses to QBE's First Request for Production. (*See* Exhibit B.) In response to each of the 12 requests set forth in QBE's First Set of Requests for Production, Plaintiff responded with the identical response of:

> On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL") as referenced in the letter, attached hereto, as "Exhibit A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter data August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

Plaintiff did not object to any of these Requests and failed to identify or produce specific documents responsive to same.

5. Plaintiff's response to QBE's First Set of Requests for Production reflects no additional information or documents that QBE did not already have, and specifically did not address the outstanding requests for documents, which were reiterated in the form of QBE's First Set of Requests for Production.

3

6. On April 8, 2021, QBE's Counsel informed Plaintiff's Counsel by phone that QBE took issue with Plaintiff's written responses to QBE's First Request for Production, and that QBE would be issuing a deficiency letter in the near term. On April 9, 2021, QBE's Counsel issued a deficiency letter. (*See* Exhibit C.) Therein, QBE requested that Plaintiff cure the deficiencies identified therein, and to the extent that Plaintiff did not have any documents in its possession responsive to each of the requests set forth by QBE, QBE requested that Plaintiff affirmatively state so. To date, Plaintiff has not responded to this deficiency letter.

7. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1). Where a party fails to produce documents pursuant to F.R.C.P. 34, the party seeking such F.R.C.P. 34 responses may move for an order compelling production. F.R.C.P. 37(a)(3)(B)(iv). The court has broad discretion when reviewing a discovery dispute between parties and "should independently determine the proper course of discovery based upon the arguments of the parties." *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

8. The documents sought by QBE reflect nonprivileged matter relevant to Plaintiff's claims in this litigation.

9. Pursuant to this Court's April 19, 2021 order and Local Rule 37.2, on May 25, 2021, QBE's Counsel emailed Plaintiff's Counsel requesting a telephonic meeting to discuss the written discovery deficiencies identified in QBE's Counsel's deficiency letter. In response,

Plaintiff's Counsel noted that he was unavailable until (at the earliest) June 1, the same day as this Court's deadline to file a Motion to Compel with respect to written discovery deficiencies.

10. In light of the foregoing and in an effort to abide by the Court's June 1 deadline, QBE's Counsel has filed this instant motion, seeking an order compelling Plaintiff to cure the deficiencies identified in QBE Counsel's April 9 letter and to fully answer QBE's First Set of Requests for Production.

WHEREFORE, Defendant QBE Insurance Corporation respectfully requests that this Honorable Court enter appropriate relief through an Order compelling Plaintiff to fully respond to QBE's First Set of Requests for Production, or in the alternative for any other and further relief as the Court deems appropriate.

Date: June 1, 2021

Respectfully submitted,

KAUFMAN DOLOWICH & VOLUCK, LLP

*/s/ Jean Y. Liu*
Attorneys for Defendant QBE Insurance Corporation

Stefan R. Dandelles (ARDC No. 6244438)
Jean Y. Liu (ARDC No. 6321017)
KAUFMAN DOLOWICH & VOLUCK, LLP
135 S LaSalle St., Ste. 2100
Chicago, Illinois 60603
(312) 759-1400
sdandelles@kdvlaw.com
jliu@kdvlaw.com

4828-9751-7804, v. 1