UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | Case No. 1:20-cv-06161 |
| Plaintiff, | Judge Franklin U. Valderrama |
| vs. | Magistrate Judge Sunil R. Harjani |
| QBE INSURANCE CORPORATION, | |
| Defendant. | |

**QBE INSURANCE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO MIKE ANDERSON CHEVROLET OF CHICAGO, LLC**

Defendant QBE Insurance Corporation ("QBE"), pursuant to Federal Rules of Civil Procedure 26 and 34, requests that Plaintiff Mike Anderson Chevrolet of Chicago, LLC ("MACC") produce the following documents within thirty (30) days of the service of these Requests for Production. In responding to these Requests for Production, the following definitions and instructions apply:

**DEFINITIONS**

1. "MACC," "You," and/or "Your" shall refer to MACC as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent entities, predecessors, successors, assignees, agents, legal representatives, trustees, directors, officers, and/or employees.

2. The "Transactions" shall mean the transactions purportedly resulting in MACC's purported loss as described in Paragraphs 10(a) – 10(f) of MACC's Amended Complaint in this litigation.

3. "Person" or "persons" shall mean each and every individual, firm, corporation, corporate division, subsidiary, company, trust, law firm, partnership, joint venture, governmental

EXHIBIT A

branch or agency, social or political organization or any other entity, whether real or juridical or incorporated or unincorporated, encompassed within the usual or customary meaning of "person" or "persons" or otherwise encompassed within this definition.

4. "Document" or "documents" is used as broadly as allowed under the Federal Rules of Civil Procedure and includes any form of hardcopy or electronically stored information (e.g., electronic files and accompanying metadata). The term "document" or "documents" includes every original (and every copy of any original or copy which differs in any way from the original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded or transmitted by any physical, mechanical, electronic means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, emails, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills, and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials, or oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

5. "Communication" shall mean any and all forms of information transmission or storage, including but not limited to oral, written, electronic, telephonic, or videographic inquiries, responses to inquiries, meetings, discussions, conversations, negotiations, agreements, understandings, notes, memoranda, letters, telecopies, telefaxes, telegrams, emails, articles, reports, testimony, comments, interviews, conferences, or seminars.

6. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to in any way, being connected with, or reflecting upon a stated subject matter.

7. The singular shall include the plural and the plural shall include the singular.

8. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

9. The term "and" shall mean "or," and "or" shall mean "and," as is necessary to call for the broadest possible answer.

## INSTRUCTIONS

1. Each request shall be answered completely, separately, and fully.

2. In producing documents responsive to these requests, produce the documents in the same order and files in which they are kept by You, the person, or other entity involved as required in Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure.

3. If You cannot answer any of the requests in full after exercising due diligence to secure the full information and documentation to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion, and describing what You did in attempting to secure the unknown information and documentation.

4. Where information or a document is requested, the request includes information or documents in Your possession, custody, or control or in the possession, custody, or control of Your present or former corporate affiliates, divisions, subgroups, subsidiaries, parent entities, predecessors, successors, assignees, agents, legal representatives, trustees, directors, officers, agents, accountants, and/or attorneys, and persons consulted concerning any factual matters or matters of opinion unless privileged or otherwise protected under the rules applicable to these requests, or otherwise unavailable to You.

5. If any information and documentation requested by these requests is claimed to be immune from discovery on the grounds of privilege or otherwise, as provided for in Rule 26(b)(5) of the Federal Rules of Civil Procedure, identify the communication or document; identify the person or persons making the communication or authoring the document and all persons receiving the information; specify the type of privilege or other reason asserted for withholding the requested information; specify the basis for the assertion; and describe the withheld information and documentation to a degree sufficient to enable QBE to assess if such claim has been properly invoked.

6. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify each such document as completely as possible, providing as much of the following as possible: the type of document; the date of the document; the content of the document; the date or approximate date it was lost, discarded, or destroyed; the reason or reasons for disposing of the document (if discarded or destroyed); the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; the identity of the person(s) who lost, discarded, or destroyed the document; and the identity of all persons having knowledge of the contents of the document.

7. These requests are to be regarded as continuing as provided for under Rule 26(e) of the Federal Rules of Civil Procedure. You are required to supplement or modify any response given to these requests as additional or different information and documentation becomes known to You until the conclusion of this action.

### REQUESTS FOR PRODUCTION

1. Produce all documents referred to in Your Rule 26(a) Disclosures in this litigation.

2. Produce any other documents that You intend to rely upon in support of Your position in this litigation.

3. Produce all documents that You contend evidence any financial interest of Jason Kolodzinski in, or any benefit received by Jason Kolodzinski from, the Transactions.

4. Provide all communications, including email, to or from Jason Kolodzinski related to the Transactions or the persons or entities involved in the Transactions.

5. Provide all communications, including email, to or from any MACC personnel, including Mike Anderson, Sr., Mike Anderson, Jr., Judy Arnold, Bill Thompson, Debbie Wick, Hazem Mutawe, Tiffany Santiago, Barbara Flores, Robert DeLuna, Terry Fakhoury, Jess Fakhoury, Johanna Vasquez, and Katie Keenan, related to: (a) the Transactions, including the persons or entities involved, or (b) Jason Kolodzinski.

6. Provide all documents related to any investigation of the Transactions by MACC.

7. Provide all documents related to Jason Kolodzinski's employment by MACC, including his employee file.

8. Provide all documents related to any attempt by MACC to obtain proof that the services or items purchased in the Transactions described in Paragraphs 10(a), 10(b), and 10(e) of

MACC's Amended Complaint in this litigation were not provided or were provided at an inflated price.

9. Provide all documents related to MACC's policies, procedures, or protocols for obtaining and paying for the types of services or items purportedly purchased in the Transactions.

10. Provide the purchase order corresponding to each service or item purportedly purchased by MACC in the Transactions.

11. Provide MACC's master vendor list, and any revisions thereto, effective from 2015 to 2018.

12. Provide bank statements (and, if not included therein, images of cancelled checks) reflecting all purported payments by MACC for the Transactions.

Dated: January 15, 2021                    Respectfully submitted by:

**QBE INSURANCE CORPORATION**

Stefan R. Dandelles (6244438)
Christopher D. Blum (6302424)
KAUFMAN DOLOWICH & VOLUCK, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
(312) 759-1400
sdandelles@kdvlaw.com
cblum@kdvlaw.com
*Counsel for QBE Insurance Corporation*

4830-9201-3271, v. 3