

Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St., Suite 2100
Chicago, Illinois 60603

Main: (312) 646-6744
Fax: (312) 896-9403

www.kdvlaw.com

**Jean Y. Liu**
Email: jliu@kdvlaw.com
Direct: (312) 376-4747
Mobile: (773) 441-6131

April 9, 2021

<u>**VIA EMAIL**</u>

Eric Quandt & Theodore Banks
Scharf Banks Marmor LLC
333 West Wacker Drive, Suite 450
Chicago, Illinois 60606

Re: *Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corporation*
U.S.D.C. N.D. Ill. Case No. 1:20-cv-016161
KDV File No.: 033516-0040

Dear Eric and Theodore:

This correspondence is regarding Mike Anderson Chevrolet of Chicago, LLC's Responses to QBE Insurance Corporation's First Set of Requests for Production. This letter serves to identify several deficiencies with respect to these Responses and will serve as QBE Insurance Corporation's good faith effort to resolve same without the need for judicial intervention.

As an initial matter, Mike Anderson Chevrolet of Chicago, LLC ("Mike Anderson Chevy") has answered all twelve requests set forth in QBE Insurance Corporation's First Set of Requests for Production with the identical response of:

> On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL") as referenced in the letter, attached hereto, as "Exhibit A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter data August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

EXHIBIT C

Eric Quandt & Theodore Banks
April 9, 2021
Page 2

Request No. 2

Request No. 2 asked that Mike Anderson Chevy "[p]roduce any other documents [other than those produced in response to Request No. 1] that You intend to rely upon in support of Your position in this litigation."[1] As set forth in our September 4, 2020 letter to you, Mike Anderson Chevy has not responded to numerous outstanding document requests, including those encompassed by Request No. 2. For example, in our September 4 letter, QBE Insurance Corporation ("QBE") asked for "examples of documentation generally received by MACC for legitimate mail and radio advertisers verifying advertisements were transmitted" and a copy of Jason Kolodzinski's emails issued from or received in Mr. Kolodzinski's Mike Anderson Chevy email account. We thus have reason to believe that there remain unproduced documents in Mike Anderson Chevy's possession that are responsive to Request No. 2. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 2 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 2, we ask that it affirmatively state so.

Request No. 3

Request No. 3 asked that Mike Anderson Chevy "[p]roduce all documents that You contend evidence any financial interest of Jason Kolodzinski in, or any benefit received by Jason Kolodzinski from, the Transactions." Our September 4, 2020 letter identified an outstanding request that Mike Anderson Chevy has provided all evidence in its possession of Mr. Kolodzinski's purported financial interest in the transactions at issue. To date, Mike Anderson Chevy has not answered this request and its Response to Request No. 3 similarly does not answer this request. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 3 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 3, we ask that it affirmatively state so.

Request No. 4

Request No.4 asked that Mike Anderson Chevy "[p]rovide all communications, including email, to or from Jason Kolodzinski related to the Transactions or the persons or entities involved in the Transactions." On numerous prior occasions, we have asked for a copy of Jason Kolodzinski's emails issued from or received in Mr. Kolodzinski's Mike Anderson Chevy email account. Accordingly, it appears that there are documents in Mike Anderson Chevy's possession that have not been produced in response to Request No. 4. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 4 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 4, we ask that it affirmatively state so.

Request No. 5

Request No. 5 asked that Mike Anderson Chevy "[p]rovide all communications, including email, to or from any MACC personnel, including Mike Anderson, Sr., Mike Anderson, Jr., Judy Arnold, Bill Thompson, Debbie Wick, Hazem Mutawe, Tiffany Santiago, Barbara Flores, Robert DeLuna, Terry Fakhoury, Jess Fakhoury, Johanna Vasquez, and Katie Keenan, related to: (a) the Transactions, including the persons or entities involved, or (b) Jason Kodolzinski." In response to this Request, Mike Anderson Chevy has not supplied any additional communications and merely pointed to the limited documents previously provided

---

[1] QBE adopts the definitions set forth in its Requests for Production when referring to defined terms herein.

to QBE. We have reason to believe that there are documents in Mike Anderson Chevy's possession that have not been produced in response to Request No. 5. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 5 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 5, we ask that it affirmatively state so.

Request No. 6

Request No. 6 asked that Mike Anderson Chevy "[p]rovide all documents related to any investigation of the Transactions by MACC." As set forth herein, we believe that Mike Anderson Chevy has not produced numerous documents, many (if not all) of which are related to its investigation(s) of the Transactions. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 6 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 6, we ask that it affirmatively state so.

Request No. 7

Request No. 7 asked that Mike Anderson Chevy "[p]rovide all documents related to Jason Kolodzinski's employment by MACC, including his employee file." Mike Anderson Chevy's response to this Request was to refer to past information and documents produced to QBE and to information in the possession of non-parties. Mike Anderson Chevy would be the only party in possession of documents related to Jason Kolodzinski's employment by MACC and of his employee file. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 7.

Request No. 8

Request No. 8 asked that Mike Anderson Chevy "[p]rovide all documents related to any attempt by MACC to obtain proof that the services or items purchased in the Transactions described in Paragraph 10(a), 10(b), and 10(e) of MACC's Amended Complaint in this litigation were not provided or were provided at an inflated price." We have asked for these documents on many occasions. For example, our September 4, 2020 letter requesting "written communications between MACC and TKC regarding requests for confirmation that advertisements aired, and [for] supporting documentation" remains unanswered. It appears that there are documents in Mike Anderson Chevy's possession that have not been produced in response to Request No. 8. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 8 as appropriate. If Mike Anderson Chevy's position is that it has no other documents in its possession responsive to Request No. 8, we ask that it affirmatively state so.

Request No. 9

Request No. 9 asked that Mike Anderson Chevy "[p]rovide all documents related to MACC's policies, procedures, or protocols for obtaining and paying for the types of services or items purportedly purchased in the Transactions." We have asked for these documents on many occasions. For example, our September 4, 2020 letter which set forth inquiries regarding Mike Anderson Chevy's policies in issuing payments with respect to its vendors remains unanswered, and it appears that there are documents in Mike Anderson Chevy's possession that have not been produced in response to Request No. 9. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 9 as appropriate. If Mike Anderson Chevy's position is that it has no other documents responsive to Request

Eric Quandt & Theodore Banks
April 9, 2021
Page 4

No. 9, we ask that it affirmatively state so.

Request No. 10

Request No. 10 asked that Mike Anderson Chevy "[p]rovide the purchase order corresponding to each service or item purportedly purchased by MACC in the Transactions." Mike Anderson Chevy's response to this Request merely referred to past information and documents produced to QBE and to information in the possession of non-parties. We have reason to believe that Mike Anderson Chevy has access to purchase orders sought in Request No. 10. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 10.

Request No. 11

Request No. 11 asked that Mike Anderson Chevy "[p]rovide MACC's master vendor list, and any revisions thereto, effective from 2015 to 2018." Mike Anderson Chevy's response to this Request merely referred to past information and documents produced to QBE and to information in the possession of non-parties. Mike Anderson Chevy would be the only party in possession of master vendor list (and revisions thereto) effective from 2015 to 2018 as sought in Request No. 11. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 11.

Request No. 12

Request No. 12 asked that Mike Anderson Chevy "[p]rovide bank statements (and, if not included therein, images of cancelled checks) reflecting all purported payments by MACC for the Transactions." Mike Anderson Chevy's response to this Request merely referred to past information and documents produced to QBE and to information in the possession of non-parties. Mike Anderson Chevy would be the only party in possession of its own bank statements and/or images of cancelled checks reflecting purported payments it made for the Transactions. Accordingly, QBE demands that Mike Anderson Chevy cure this deficiency by amending or supplementing its Response to Request No. 12. If Mike Anderson Chevy's position is that it has no other documents responsive to Request No. 12, we ask that it affirmatively state so.

We look forward to hearing from you. Please do not hesitate to contact us if you would like to discuss this matter further.

Very truly yours,

Kaufman Dolowich & Voluck, LLP

*/s/ Jean Y. Liu*

Jean Y. Liu
Attorney

Cc: Stefan R. Dandelles (KDV)

4812-5064-0101, v. 1