UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) |
| Plaintiff | ) ) Case No. 1:20-cv-06161 |
| v. | ) ) Judge Franklin U. Valderrama ) ) Magistrate Judge Sunil R. Harjani |
| QBE INSURANCE CORPORATION, JASON R. KOLODZINSKI, J & N MARKETING, INC., AND TKC ENTERTAINMENT, INC. | ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT AT LAW

Now Comes Plaintiff Mike Anderson Chevrolet of Chicago, LLC, by and through counsel, and for its Second Amended Complaint At Law against Defendant QBE Insurance Corporation, Jason R. Kolodzinski, J & N Marketing, Inc., and TKC Entertainment, Inc., states as follows:

## FACTS

1. Plaintiff Mike Anderson Chevrolet of Chicago, LLC (hereinafter "MACC") was at all relevant times an Illinois limited liability company under the parent company Mike Anderson Auto Group, the insured under a Policy of Insurance issued by Defendant QBE Insurance Corporation, doing business in Cook County, Illinois (hereinafter "QBE Policy") attached to this Amended Complaint as Exhibit "A" and incorporated herein, and Mike Anderson Auto Group paid the premium under the QBE Policy. Under the "ADDITIONAL INSURED COMPANY ENDORSEMENT" to the QBE Policy attached hereto as Exhibit "A", Plaintiff Mike Anderson Chevrolet of Chicago, LLC is an additional insured company under the QBE Policy.

2. Defendant QBE Insurance Company, 55 Water Street, New York, New York 10041 was at all relevant times an insurance company providing insurance coverage and doing business in Cook County, Illinois.

3. Jason Kolodzinski was at all relevant times the former general manager and employee of MACC, and is a citizen of the State of Illinois.

4. During the Policy Period under the QBE Policy Jason Kolodzinski as an employee of MACC committed "Employee theft" under the QBE Policy, acting alone or in collusion with others, resulting in substantial direct financial loss to MACC.

1

5. A QBE Sworn Proof of Loss Claim (No. 565862N) was executed by the owner of Plaintiff MACC on or about March 1, 2018, attached to this Amended Complaint as Exhibit "B", and incorporated herein, and submitted to Defendant QBE. The loss of Money, Securities or Property resulting from Theft or Forgery stated in the Proof of Loss Claim was "greater than $250,000 – (under investigation))." Since executing the Proof Claim Form investigation has revealed direct financial loss to Plaintiff in the amount of $588,800.00. An Amended Sworn Proof of Loss is attached to this Amended Complaint as Exhibit "C" and incorporated herein.

6. Plaintiff has made demand for coverage under the QBE Policy for the direct financial losses suffered as a result of the Employee theft covered under the QBE Policy.

7. Defendant J & N Marketing, Inc. is an Illinois Corporation and during the relevant time stated above had an oral contract to provide direct mail advertising for Plaintiff and was paid $191,000.00 by Plaintiff.

8. Defendant TKC Entertainment, Inc. is an Illinois Corporation and during the relevant time stated above had an oral contract to provide radio advertising for Plaintiff and was paid $75,000.00 by Plaintiff.

## FEDERAL JURISDICTION – DIVERSITY OF CITIZENSHIP AND SUPPLEMENTAL JURISDICTION

9. Mike Anderson Chevrolet of Chicago, LLC is an Illinois limited liability company, whose members and their domiciles are listed below:

| MEMBER | DOMICILE |
|---|---|
| Michael J. Anderson | Illinois |
| Chris Anderson | Florida |
| Katy Props | Indiana |
| Paul Anderson | Indiana |
| Joan Scott | Indiana |
| Daniel C. Anderson | Minnesota |

QBE Insurance Corporation is a Pennsylvania corporation with its principal place of business in New York. Complete diversity jurisdiction exists between Plaintiff Mike Anderson Chevrolet of Chicago, LLC and Defendant QBE Insurance Corporation. The Court has Supplemental Jurisdiction over Plaintiff's claims against Defendants Jason R. Kolodzinski, J & N Marketing, Inc., and TKC Entertainment, Inc.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. MACC seeks to recover damages from QBE for the alleged Loss totaling $588,800.00 exclusive of interest and costs. MACC seeks to recover damages from Jason R. Kolodzinski for the alleged Loss totaling $588,800.00, exclusive of interests and costs. MACC seeks to recover damages from J & N Marketing, Inc. for the alleged Loss totaling $191,000.00,

exclusive of interest and costs. MACC seeks to recover damages from TKC Entertainment, Inc. for the alleged Loss totaling $75,000.00, exclusive of interest and costs. Federal jurisdiction exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

## COUNT I

11. Plaintiff incorporates the paragraphs alleged above as if fully restated and re-alleged.

12. The specific acts of Employee theft committed by Jason Kolodzinski during the relevant times of employment and the direct financial loss suffered by Plaintiff are as follows:

| | |
|---|---|
| (a). **Direct Mail Advertising.** Kolodzinski claimed to have used a company called J&N for mail advertising. Mike Anderson Chevy was billed $191,000, but no mail was sent. The owner of a graphic design firm used by J&N said that no work was actually done. Kolodzinski failed to submit the materials to Mike Anderson for review prior to mailing, contrary to his instructions. He was told to stop but continued to submit invoices that were paid by the dealership without Mike Anderson's knowledge or approval. He did not submit the proper receipts from the USPS for the alleged mailings. The dealership was told that the one purported USPS receipt Kolodzinski submitted was fraudulent. | $191,000 |
| (b.) **Radio Advertising.** Kolodzinski claims to have placed radio ads through a company called TKC in the amount of $75,000. TKC, despite requests, refused to submit proof of running the ads. To pay TKC invoices, Kolodzinski, instead of mailing the checks, gave the checks to someone who picked them up at the dealership. The | $75,000 |

3

| | |
|---|---|
| checks were cashed at a nearby currency exchange. | |
| (c). **Purchase of Used Cars from Epic**. Kolodzinski purchased 91 cars from a company called Epic from March 2016 through January 2018. These cars were purchased at prices significantly higher than market, and many had hidden damages the led to and caused many customer complaints. Losses are estimated at approximately $131,000. Kolodzinski was told to stop purchasing cars from Epic in October 2017 but continued to do so surreptitiously until he was terminated in January 2018. A text message from Kolodzinski indicated that he did it because he needed money, which suggests that a kickback was involved. | $131,000 |
| (d). **Purchase of Cars from Sir Hooptie**. Kolodzinski caused the dealership to lose $5800 for two cars purchased from Sir Hooptie, and associated repair and accessory charges. Kolodzinski had been told not to deal with this company. | $5,800 |
| (e). **Inflated Repair Charges**. Kolodzinski sent cars to a company called AC and incurred inflated and sometimes unnecessary repair charges of approximately $176,000. These charges were incurred even though the dealership has its own mechanics on staff. Some of those repair charges were for cars purchased from AC and Sir Hooptie. | $176,000 |
| (f). **Personal Trade-In**. Kolodzinski traded-in a Corvette he owned, and give himself an inflated | $10,000 |

4

| | |
|---|---|
| appraisal of the car, at approximately $10,000 more than it was worth. | |

13. Demand has been made on Defendant QBE for coverage under the QBE Policy for the direct financial losses stated above in paragraph 12.

14.. Defendant has not compensated Plaintiff for the losses suffered by Plaintiff covered under the QBE Policy which is a breach the contractual and fiduciary obligations by Defendant QBE Insurance Corporation under the QBE Policy.

15. WHERFORE, Plaintiff Mike Anderson Chevrolet of Chicago, LLC prays for judgment against Defendant QBE Insurance Corporation in the amount of $588,800.00 plus costs of this action.

## COUNT II

16. Plaintiff incorporates the paragraphs alleged above as if fully restated and re-alleged.

17. During the relevant time stated above Defendant Jason R. Kolodzinski had a fiduciary duty to his employer Plaintiff MACC including an undivided duty of loyalty and fidelity while acting solely in the interest of his employer Plaintiff MACC.

18. Defendant Jason R. Kolodzinski breached his fiduciary duty owed to Plaintiff MACC as set forth above in paragraph 12.

19. Defendant Jason R. Kolodzinski's breach of his fiduciary duty proximately caused plaintiff MACC to suffer damages and losses totaling $588,800.00.

20. WHERFORE, Plaintiff Mike Anderson Chevrolet of Chicago, LLC prays for judgment against Defendant Jason R. Kolodzinski in the amount of $588,800.00 plus costs of this action.

## COUNT III

21. Plaintiff incorporates the paragraphs alleged above as if fully restated and re-alleged.

22. Defendant J & N Marketing, Inc. during the relevant time stated above had an oral contract with Plaintiff MACC communicated through MACC's employee Jason R. Kolodzinski to provide direct mail advertising for Plaintiff.

23. Defendant J & N Marketing, Inc. was paid consideration by Plaintiff MACC in the amount of $191,000.00.

24. Defendant J & N Marketing, Inc. breached the oral contract and did not provide the direct mail advertising.

25. During the time period that Plaintiff MACC was paying Defendant J & N Marketing, $191,000.00, documents recently produced by Defendant J & N Marketing, Inc. in Response to Federal Subpoena disclose that Defendant J & N Marketing, Inc. cut checks to Defendant Jason R. Kolodzinski in the amount of $54,055.00 which sums were deposited by Defendant Jason R. Kolodzinski in his personal bank account.

26. Defendant J & N Marketing. Inc.'s breach of oral contract proximately caused Plaintiff MACC to suffer damages and losses totaling $191,000.00.

27. WHEREFORE, Plaintiff Mike Anderson Chevrolet of Chicago, LLC prays for judgment against Defendant J & N Marketing, Inc. in the amount of $191,000.00 plus costs of this action.

## COUNT IV

28. Plaintiff incorporates the paragraphs alleged above as if fully restated and re-alleged.

29. Defendant TKC Entertainment, Inc. during the relevant time stated above had an oral contract with Plaintiff MACC communicated through MACC's employee Jason R. Kolodzinski to provide radio advertising for Plaintiff.

30. Defendant TKC Entertainment, Inc. was paid consideration by Plaintiff MACC in the amount of $75,000.00.

31. Defendant TKC Entertainment, Inc. breached the oral contract and did not provide the radio advertising.

32. In Response to Federal Subpoena Defendant TKC Entertainment, Inc. recently produced documents that it invoiced Plaintiff MACC $30,000.00 for radio advertising. However, Plaintiff MACC paid the total sum of $75,000.00 to Defendant TKC Entertainment, Inc., which payments were made by Plaintiff MACC to Defendant TKC Entertainment, Inc. through Defendant Jason R. Kolodzinski.

33. Defendant TKC Entertainment Inc.'s breach of oral contract proximately caused Plaintiff MACC to suffer damages and losses totaling $75,000.00.

34. WHEREFORE, Plaintiff Mike Anderson Chevrolet of Chicago, LLC prays for judgment against Defendant TKC Entertainment, Inc. in the amount of $75,000.00 plus costs of this action.

35. Plaintiff demands trial by jury on all COUNTS.

                                            MIKE ANDERSON CHEVROLET OF CHICAGO, LLC

                                            By:    /s/ Eric F. Quandt
                                                        One of Its Attorneys

Eric F. Quandt
Theodore L. Banks
Scharf Banks Marmor LLC
333 West Wacker Drive
Suite 450
Chicago, Illinois 60606
(312) 726-6000
equandt@scharfbanks.com
tbanks@scharfbanks.com

## CERTIFICATE OF SERVICE

I, Eric Quandt, certify that on July 22, 2021, I caused to be filed the foregoing SECOND AMENDED COMPLAINT AT LAW using the Court's CM/ECF system, which will send e-mail notification of the filing to all parties of record. These documents are available for viewing and downloading via the CM/ECF system.

/s/ Eric F. Quandt