# UNITED STATES DISTRICT COURT
## for the
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MIKE ANDERSON CHEVROLET OF
CHICAGO LLC.,

*Plaintiff*

v.

QBE INSURANCE CORPORATION

*Defendant*

)
)
)
)
)
)

Civil Action No.    1:20-CV-06161

Judge Franklin U. Valderrama

Magistrate Judge Sunil R. Hajani

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jason R. Kolodzinski, Cardinal Buick GMC, 3800 West State Route 15, Belleville, IL 62226

*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attached Rider

| Place: | Pohlman USA<br>Attn: Records Department<br>120 North Main St., Suite 3,Edwardsville, IL 62025<br>Phone: 877-421-0099 | Date and Time:<br>March 24, 2021 at 10:00 a.m. |
|---|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  2/18/2021

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's Signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Mike Anderson Chevrolet of Chicago, LLC
_____, who issues or requests this subpoena, are:

Eric F. Quandt, Scharf Banks Marmor LLC, 333 W. Wacker Drive, Ste. 450, Chicago, IL 60606 (312) 726-6000 Eric.fhequandt@scharfbanks.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**A**

# ATTACHED RIDER

**Jason R. Kolodzinski**

1.     Any and all payments (including checks) received from J & N Marketing, Inc. in Mokena, IL during the period of time 2015 through 2018.

2.     Any and all communications, including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski with any officer or employee of J & N Marketing, Inc. in Mokena IL during the period of time 2015 through 2018.

3.     Any and all payments (including checks) received from TKC Entertainment, Inc. in Homer Glen, IL during the period of time 2015 through 2018.

4.     Any and all communications, including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski with any officer or employee of TKC Entertainment, Inc. in Homer Glen, IL during the period of time 2015 through 2018.

5.     Any and all payments (including checks) received from Epic Motor Sports Inc. in Rosemont, IL during the period of time 2015 through 2018.

6.     Any and all communications, including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski with any officer or employee of Epic Motor Sports Inc. in Rosemeont, IL during the period of time 2015 through 2018.

7.     Any and all payments (including checks) received from AC Kustoms Corp. in Maywood, IL during the period of time 2015 through 2018.

8.     Any and all communications, including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski with any officer or employee of AC Kustoms Corp. in Maywood, IL during the period of time 2015 through 2018.

9.     Any and all payments (including checks) received from Sir Hooptie, LLC in Lebanon, MO during the period of time 2015 through 2018.

10.     Any and all communications, including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski with any officer or employee of Sir Hooptie, LLC in Lebanon, MO during the period of time 2015 through 2018.

11.     Any and all Bank Statements of Jason R. Kolodzinski during the period of time 2015 through 2018.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                Server's signature

                                _____
                                Printed name and title

                                _____
                                Server's address

Additional information regarding attempted service, etc.:

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| MIKE ANDERSON CHEVROLET OF CHICAGO LLC. | Case No.: | 1:20-CV-06161 |
|---|---|---|
| **Plaintiff/Petitioner** | Hearing Date: | 03/24/2021 |
| vs. | | |
| QBE INSURANCE CORPORATION | AFFIDAVIT OF SERVICE OF | |
| Defendant/Respondent | SUBPOENA TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION | |

I, **Matthew Black**, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered private detective or a registered employee of a private detective agency, License No. 115.002189, located at 50 Circle Drive, Fairview Heights, IL 62208.

On the 1st day of March, 2021 at 3:54 PM, I, Matthew Black, SERVED JASON R. KOLODZINSKI at CARDINAL BUICK GMC, 3800 WEST STATE ROUTE 15, BELLEVILLE, Saint Clair County, IL 62226 in the manner indicated below:

**INDIVIDUAL SERVICE**, by personally delivering 1 copy(ies) of the above-listed documents to **JASON R. KOLODZINSKI**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: **Who accepted service with direct delivery, with identity confirmed by subject saying yes when named, a brown-haired white male approx. 45-55 years of age, 6'0"-6'2" tall and weighing 180-200 lbs.**

Service Fee Total: **$130.00**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

| NAME: | _Matthew Black (signature)_ | 115.002189 | 03/01/2021 |
|---|---|---|---|
| | Matthew Black | Server ID # | Date |



REF: **REF-7525014**

# UNITED STATES DISTRICT COURT
### for the

MIKE ANDERSON CHEVROLET OF
CHICAGO, LLC.,

_____
*Plaintiff*

v.

QBE INSURANCE CORPORATION

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.    1:20-cv-06161

Judge Franklin U. Valderrama

Magistrate Judge Sunil R. Harjani

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jennifer Cornfield, President, J&N Marketing, Inc., 19148 Puritan Drive, Mokena, Illinois 60488

Maria Delre, Registered Agent, J&N Marketing, Inc., 15241 S. 94th Ave. Suite 102, Orland Park, IL 60462

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED RIDER

| | |
|---|---|
| Place: Scharf Banks Marmor LLC., <br> 333 W. Wacker Drive Ste. 450, Chicago, IL 60606 | Date and Time: February 22, 2021 at 10:00 a.m. |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/14/2021

|  CLERK OF COURT | |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR  _____ <br> *Attorney's Signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Mike Anderson Chevrolet of Chicago, LLC _____ , who issues or requests this subpoena, are:

Eric F. Quandt, Scharf Banks Marmor LLC, 333 W. Wacker Drive, Ste 450, Chicago, IL 60606 Tel.: (312) 726-6000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHED RIDER

## J&N Marketing, Inc.

1.  Any and all invoices submitted to Mike Anderson Chevrolet of Chicago, LLC, from J & N Marketing, Inc. during the period of time 2015 through 2018.

2.  Any and all payments (including checks) received by J & N Marketing, Inc. from Mike Anderson Chevrolet of Chicago, LLC during the period of time 2015 through 2018.

3.  Bank statements showing all payments received by J & N Marketing, Inc. from Mike Anderson Chevrolet of Chicago, LLC during the period of time 2015 through 2018 being received, deposited, or cashed by J & N Marketing, Inc.

4.  Any and all payments (including checks) by J & N Marketing, Inc. or its employees and/or officers to Jason R. Kolodzinski during the period of time 2015 through 2018.

5.  Copies of any and all advertising and/or marketing direct mailers (a/k/a direct mail advertising) made by J & N Marketing, Inc. on behalf of Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

6.  Proof of mailing, receipts, tracking numbers, or other documentation showing the dates when each advertising and/or marketing direct mailer (a/k/a direct mail advertising) made by J & N Marketing, Inc. on behalf of Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018 was delivered to the United States Postal Service.

7.  Any and all communications including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski, former general manager and employee of Mike Anderson Chevrolet of Chicago, LLC, with any officer or employee of J & N Marketing, Inc. during the period of time 2015 through 2018.

8.  Any and all internal communications including but not limited to e-mails, text messages, notes or memoranda between or among employees and/or officers of J & N Marketing, Inc. relating or referring to any direct mailers or other marketing services provided to Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

9.  Any and all external communications including but not limited to e-mails, text messages, notes or memoranda made or received by employees and/or officers of J & N Marketing, Inc. relating or referring to Jason R. Kolodzinski or any direct mailers or other marketing services provided to Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* ___Scharf Banks Marmor LLC.___
on *(date)* __1/15/2021__ .

☒ I served the subpoena by delivering a copy to the named person as follows: __Maria Delre,__
__registered Agent JEN Marketing, Inc 15241 S. 94th Ave,__
__Suite 102, Orland Park IL 60462__ . on *(date)* __1/15/2021__ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: __2·8·21__

___Scott Moran___
Server's signature

__SCOTT MORAN__
Printed name and title

__333 W WACKER 4/50__
__CHICAGO, IL 60606__
Server's address

Additional information regarding attempted service, etc.:

# UNITED STATES DISTRICT COURT

### for the
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MIKE ANDERSON CHEVROLET OF CHICAGO LLC.,

|  |  |
|---|---|
| *Plaintiff* | Civil Action No.: 1:20-CV-06161 |
| v. | Judge Franklin U. Valderrama |
| QBE INSURANCE CORPORATION | |
| *Defendant* | Magistrate Judge Sunil R. Hajani |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Christopher Chudzik, TKC Entertainment, Inc., 16912 Deer Path Drive, Homer Glen, IL 60491

Steven G. Froehlich, TKC Entertainment, Inc., 1350 Remington Road, Suite V, Schaumberg, IL 60173

*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED RIDER**

| Place: Scharf Banks Marmor LLC., 333 W. Wacker Drive Ste. 450 | Date and Time: March 2, 2021 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/25/2021

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mike Anderson Chevrolet of Chicago, LLC , who issues or requests this subpoena, are:

Eric F. Quandt, Scharf Banks Marmor LLC, 333 W. Wacker Drive, Ste. 450, Chicago, IL 60606 Tel.: (312) 726-6000 equandt@scharfbanks.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT

# ATTACHED RIDER

## TKC

1.  Any and all invoices submitted to Mike Anderson Chevrolet of Chicago, LLC, from TKC Entertainment, Inc. during the period of time 2015 through 2018.

2.  Any and all payments (including checks) received by TKC Entertainment, Inc. from Mike Anderson Chevrolet of Chicago, LLC during the period of time 2015 through 2018.

3.  Bank statements showing all payments received by TKC Entertainment, Inc. from Mike Anderson Chevrolet of Chicago, LLC during the period of time 2015 through 2018 being received, deposited, or cashed by TKC Entertainment, Inc.

4.  Any and all payments (including checks) by TKC Entertainment, Inc. or its employees and/or officers to Jason R. Kolodzinski during the period of time 2015 through 2018.

5.  Copies of any and all radio ads made by TKC Entertainment, Inc. on behalf of Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

6.  Broadcast logs, archives, or other documentation showing the dates and times any and all radio ads made by TKC Entertainment, Inc. on behalf of Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018 were aired on Dance Factory Radio 92.7 FM or 99.9FM or any other radio station.

7.  Any and all communications including but not limited to e-mails, text messages and/or correspondence between Jason R. Kolodzinski, former general manager and employee of Mike Anderson Chevrolet of Chicago, LLC, with any officer or employee of TKC Entertainment, Inc. during the period of time 2015 through 2018.

8.  Any and all internal communications including but not limited to e-mails, text messages, notes or memoranda between or among employees and/or officers of TKC Entertainment, Inc. relating or referring to any radio ads or other marketing services provided to Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

9.  Any and all external communications including but not limited to e-mails, text messages, notes or memoranda made or received by employees and/or officers of TKC Entertainment, Inc. relating or referring to Jason R. Kolodzinski or any radio ads or other marketing services provided to Mike Anderson Chevrolet of Chicago, LLC from the period of time 2015 through 2018.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Civil Action No.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Scharf Banks Marmor LLC
on *(date)* 1/25/2021 .

☒ I served the subpoena by delivering a copy to the named person as follows: Christopher Chudzik
TKC Entertainment, Inc., 16912 Deer Path Drive, Homer Glen, IL 60713
on *(date)* 1/25/2021 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ for travel and $ for services, for a total of $

I declare under penalty of perjury that this information is true.

Date: 2-8-21

Scott Moran
*Server's signature*

SCOTT MORAN
*Printed name and title*

333 W WACKER 450
CHICAGO, IL 60606
*Server's address*

Additional information regarding attempted service, etc.: