# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) | Case No. 1:20-cv-06161 |
| Plaintiff, | ) ) | Judge Franklin U. Valderrama |
| vs. | ) ) | Magistrate Judge Sunil R. Harjani |
| QBE INSURANCE CORPORATION, | ) ) | |
| Defendant. | ) | |

### DEFENDANT QBE INSURANCE CORPORATION'S
### NOTICE OF DEPOSITION OF PLAINTIFF MIKE ANDERSON CHEVROLET OF
### CHICAGO, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

To: Eric F. Quandt
Scharf Banks Marmor LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
T: 312-726-6000
F: 312-726-6045
equandt@scharfbanks.com

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant QBE Insurance Corporation ("QBE"), by and through its counsel, will take the subpoenaed deposition(s) of Plaintiff Mike Anderson Chevrolet of Chicago, LLC ("MACC") on October 7, 2021 at 1:00 p.m. by Zoom (details TBD).

PLEASE TAKE FURTHER NOTICE that MACC is not a natural person. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, MACC must designate one or more officers, directors, managing agents, or other persons to testify on its behalf regarding the matters listed in Schedule "A" attached hereto and the matters on which MACC will be examined are the matters described in Schedule "A" attached hereto.

YOU ARE FURTHER NOTIFIED THAT the deposition will be taken by oral examination before an official court reporter duly authorized by law to take depositions, and for the purpose of discovery, or use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure. The testimony shall be recorded by real time stenographic means, by audio, by video, and/or other similar means. QBE reserves the right to amend or supplement this Notice of Deposition and corresponding Schedule "A". This reservation of rights survives any deposition taken pursuant to this Notice should any discovery sought by QBE not be produced in time to be addressed at any scheduled deposition. This deposition does not limit or prejudice QBE's rights under the Federal Rules of Civil Procedure to further depose MACC or any other witness.

Dated: September 16, 2021                    Respectfully submitted by:


                                             */s/* Jean Y. Liu

                                             Stefan R. Dandelles
                                             Jean Y. Liu
                                             Kaufman Dolowich & Voluck, LLP
                                             135 S. LaSalle Street, Suite 2100
                                             Chicago, IL 60603
                                             T: 312-759-1400
                                             F: 312-896-9403
                                             sdandelles@kdvlaw.com
                                             jliu@kdvlaw.com
                                             Attorneys for Defendant, QBE Insurance
                                             Corporation

## SCHEDULE A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, MACC shall designate and produce as many representatives as are necessary to provide complete and substantive testimony on behalf of MACC. If MACC designates multiple witnesses, it shall set out the matters upon which each designee will testify.

## DEFINITIONS

1. The "Transactions" shall mean the transactions purportedly resulting in MACC's purported loss as described in Paragraph 10 of the Amended Complaint filed in this Lawsuit.

2. "Third Parties" shall mean AC Kustoms Corp., TKC Entertainment, Epic Sports, J&N Marketing, Inc., and Sir Hooptie, LLC.

3. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to in any way, being connected with, or reflecting upon a stated subject matter.

4. "Communication" shall include, but not limited to, e-mails, text messages, notes or memoranda.

5. The singular shall include the plural and the plural shall include the singular.

6. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

## MATTERS FOR EXAMINATION

1. Jason Kolodzinski's employment, including his employment duties while employed with MACC.

2. The alleged loss at issue in this litigation, including the purported acts alleged in the loss further set forth in Paragraph 10 of the Amended Complaint filed in this Lawsuit.

3. The Transactions.

4. Any communications related to the Transactions.

5. Jason Kolodzinski's relationship to the Transactions and/or to the alleged loss at issue in this Lawsuit.

6. Investigation(s) of the Transactions.

7. MACC's policies, procedures and/or protocols for obtaining and paying for the types of services or items purportedly purchased in the Transactions.

8. MACC's document retention or document destruction policies, practices, or procedures between 2015 to 2018.

9. Jason Kolodzinski's MACC email account.

10. MACC employees who worked with Jason Kolodzinski between 2015 and 2018, including supervisor(s) and individual(s) who reported to him.

*QBE reserves the right to supplement this list of matters for examination.*

## **CERTIFICATE OF SERVICE**

      I, Jean Liu, hereby certify that on September 16, 2021, I caused a copy of the foregoing document to be served upon the below listed counsel of record via electronic mail.

Eric F. Quandt
Theodore Banks
Scharf Banks Marmor LLC
333 West Wacker Dr., Ste. 450
Chicago, Illinois 60606
equandt@scarfbanks.com
tbanks@scharfbanks.com


DATED:    September 16, 2021        By:    /s/ Jean Y. Liu