# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC. | ) ) ) |
| Plaintiff | ) ) Case No.: 1:20-cv-06161 |
| v. | ) ) Judge Franklin U. Valderrama ) |
| QBE INSURANCE CORPORATION | ) Magistrate Judge Sunil R. Harjani ) |
| Defendant. | ) ) |

## MIKE ANDERSON CHEVROLET OF CHICAGO, LLC'S ANSWER TO QBE INSURANCE COPORATION'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Mike Anderson Chevrolet of Chicago, LLC, by and through its attorneys, respond to Defendant QBE Insurance Corporation's First Set of Requests for Admissions as follows:

1. Admit that the Claim with respect to Epic and Sir Hooptie is based solely on MACC's position that it did not realize a profit on the re-sale of certain cars purchased from Epic and Sir Hooptie.

**ANSWER:** Purchases were made from Epic and Sir Hooptie by Jason Kolodzinski without the authorization of MACC. Many, if not all, of the cars from Sir Hooptie and Epic were cars that were low quality, high mileage, or had hidden damage, and were purchased at a price high above their market value. Because the condition of these cars was not acceptable, they had to be sold after repairs were made at MACC's cost. In some cases, irate customers returned the cars based on the discovery of hidden damage, and MACC had to cover the additional costs. A text message from Jason Kolodzinski to Rory at Epic reflects that Jason was getting money with every purchase. These are kickbacks, *i.e.*, stealing from the company. As stated, the plaintiff denies request 1 for admission.

2. Admit that MACC has no evidence that J&N did not provide advertising services to MACC.

**ANSWER:** J&N did not submit any advertising to MACC for preapproval by MACC management or MACC legal counsel as was required. The samples of ads as provided in discovery contain copy that never would have been approved by MACC for either legal or policy reasons. MACC also received a copy of a message from Bill Thompson that a graphic designer used by J&N stated that the mailer was a phony and never sent. She stated that the owner of J&N, Nick, said it was the easiest money he had ever made. If any ads were mailed by J&N, they were done for the benefit of Jason Kolodzinski and not for the benefit of MACC. As stated, the plaintiff denies request 2 for admission.

3. Admit that MACC has no evidence that TKC did not provide advertising services to MACC.

**ANSWER:** TKC did not provide evidence that any advertising services were performed to MACC, notwithstanding the industry requirement that the broadcast of every ad is documented with an affidavit. TKC never produced notarized scripts. TKC cashed checks provided by Jason at a local currency exchange in close proximity to MACC. In addition, MACC had a policy against radio ads, and Jason Kolodzinski was told not to run radio ads. There would be no rational reason to run ads on a limited coverage radio station that broadcasts in Polish except after midnight. As stated, the plaintiff denies request 3 for admission.

4. Admit that during 2016 through 2018, factors in a used car's sale price included market demand, market supply, and the duration of time that a used car sits on MACC's lot.

ANSWER: These are among the factors that influence a sale price for all vehicles including condition, age, accessories, "Black Book" and similar published prices. However, for the vast majority of used cars sold by MACC, the purchase price and the resale price are set so that MACC makes a profit and only sells a high-quality vehicle that will not damage the reputation of the dealership. As stated, the plaintiff denies request 4 for admission.

5. Admit that only approved vendors received a NAD number within MACC's accounts payable system between 2016 through 2018.

ANSWER: "Approval" of a vendor in the NAD system is a mechanical process and does not represent an evaluation of the quality of the products or services or the reputation or honesty of the vendor. As stated, the plaintiff denies request 5 for admission.

6. Admit that MACC has no evidence establishing that Jason Kolodzinski had an ownership interest in Epic, J&N, TKC, Sir Hooptie or AC Customs/Kustoms while he was employed at MACC.

ANSWER: We do not know the ownership structure of any of the above companies, and given that there is evidence of payments by some or all of the companies to Jason Kolodzinski, the probability of an ownership interest is high. However, plaintiff has insufficient knowledge or information to either admit or deny request 6.

7. Admit that MACC retained AC Customs and/or AC Kustoms to perform body work on cars in 2016 and 2017.

ANSWER: Jason Kolodzinski retained AC Customs/ Kustoms to perform body work. It was without the knowledge or approval of senior management. As stated, the plaintiff denies request 7 for admission.

8. Admit that MACC retained AC Customs and/or AC Kustoms to perform mechanical or other non-body related work on cars during a labor strike in 2017.

**ANSWER:** Jason Kolodzinski retained AC Customs/Kustoms to perform mechanical or other non-body related work during the strike. As stated, the plaintiff denies request 8 for admission.

9. Admit that MACC purchased more than 250 cars from Epic between 2016 and 2018 that were re-sold by MACC for a profit.

**ANSWER:** This information is not available since the only records that were retained beyond the normal 24-month retention period were the transactions that resulted in a loss as requested by QBE. As stated, the plaintiff denies request 9 for admission.

10. Admit that all payments to all vendors at issue in this case were reviewed and processed by MACC employees other than Kolodzinski.

**ANSWER:** Payments to all vendors selected by Jason Kolodzinski were approved by Jason Kolodzinski. No review was performed by the low-level staff who processed invoices other than to match the numbers on the invoices. Jason Kolodzinski intentionally defeated the spending controls on these payments by telling these low-level employees that since he approved it, no other approval was needed, and by ordering the low-level staff not to mail payments to the vendors but to give the checks to him. As stated, the plaintiff denies request 10 for admission.

Dated: December 6, 2021                                Respectfully submitted by:

                                                       MIKE ANDERSON CHEVROLET OF
                                                       CHICAGO, LLC

                                            By:        /s/ Eric F. Quandt
                                                       One of Its Attorneys

                                                       Theodore L. Banks #107336
                                                       Eric F. Quandt #2267519
                                                       Attorney for Plaintiff
                                                       SCHARF BANKS MARMOR LLC

333 West Wacker Drive, Suite 450
Chicago, Illinois 60606
(312) 726-6000
tbanks@scharfbanks.com
equandt@scharfbanks.com