# EXHIBIT G

# Jean Liu

| | |
|---|---|
| **From:** | Jean Liu |
| **Sent:** | Thursday, June 10, 2021 2:38 PM |
| **To:** | Eric Quandt; Theodore Banks |
| **Cc:** | Stefan Dandelles; Maria Preiti; Gabriela Calderon |
| **Subject:** | RE: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP) |
| **Attachments:** | Letter to MACC's Counsel.pdf; 10.3.18 Supplemental RFI Letter (Mike Anderson Chevy).pdf |

Eric, Ted, and Gabriela,

Thank you for your time earlier today. As discussed, please find attached the October 3, 2018 letter you requested, as well as the September 4, 2020 letter I referenced in our call today.

We look forward to further meeting and conferring next Thursday at 11 AM. We will circulate a calendar invite shortly.

Thank you,
Jean

**Jean Liu**
*Attorney at Law*



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

135 South LaSalle St., Suite 2100
Chicago, IL 60603

| | |
|---|---|
| Direct: | 312-376-4747 |
| Cell: | 773-441-6131 |
| Main: | 312-759-1400 |
| Fax: | 312-896-9403 |
| Email: | jliu@kdvlaw.com |

## WWW.KDVLAW.COM

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Thursday, June 3, 2021 5:36 PM
**To:** Jean Liu <jliu@kdvlaw.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** Re: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

[EXTERNAL SENDER]

Sounds Good...

Get Outlook for Android

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Thursday, June 3, 2021 4:39:54 PM
**To:** Eric Quandt <equandt@scharfbanks.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

Eric,

Let's do the 10th at 2 PM. Maria will circulate a calendar invite tomorrow morning.

Thank you,
Jean

**Jean Liu**
*Attorney at Law*



135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct:   312-376-4747
Cell:     773-441-6131
Main:     312-759-1400
Fax:      312-896-9403
Email:    jliu@kdvlaw.com

**WWW.KDVLAW.COM**

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Thursday, June 3, 2021 11:45 AM
**To:** Jean Liu <jliu@kdvlaw.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** Re: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

[EXTERNAL SENDER]
Jean; available 2:00 pm on the 8th and 2:00 pm on the 10th


Get Outlook for Android

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Wednesday, June 2, 2021 7:11:00 PM
**To:** Eric Quandt <equandt@scharfbanks.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

Thanks , Eric. Will wait for you/Ted to advise on his availability.


**Jean Liu**
*Attorney at Law*



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct:   312-376-4747
Cell:     773-441-6131
Main:     312-759-1400
Fax:      312-896-9403
Email:    jliu@kdvlaw.com

**WWW.KDVLAW.COM**

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly

prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Wednesday, June 2, 2021 2:07 PM
**To:** Jean Liu <jliu@kdvlaw.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** Re: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

[EXTERNAL SENDER]
Jean: This week I have conflicts. I am available next week June 8, 9 or 10 generally anytime. Will check with Ted. Eric
look for Android

---

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Tuesday, June 1, 2021 4:31:34 PM
**To:** Eric Quandt <equandt@scharfbanks.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

Hi Eric,

How is either June 3 at 1 PM or 1:30 PM, or June 4 at 12:30 PM? If neither of those work, please propose some times for the following week.

Thank you,
Jean


**Jean Liu**
*Attorney at Law*

---

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct:   312-376-4747
Cell:     773-441-6131
Main:     312-759-1400
Fax:      312-896-9403
Email:    jliu@kdvlaw.com

---

# WWW.KDVLAW.COM

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Wednesday, May 26, 2021 9:41 AM
**To:** Jean Liu <jliu@kdvlaw.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

[EXTERNAL SENDER]

Hi Jean: I am not available until after Memorial Day. I would be available next week the afternoon of June 1, all day June 2nd, 3rd or 4th, and the following week. Having reviewed your letter, and as the parties have discussed the past, we have provided the information presently available in our possession and control pending additional responses to our third party subpoenas and depositions presently scheduled. In light of the Court's Order relative to the June 1st deadline, we certainly would not oppose your filing any motion as to the timing of the June 1 deadline following Local Rule 37.2 and the Court's Order. Eric

**Eric F. Quandt**

**Scharf Banks Marmor LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Firm: 312-726-6000
Direct: 312-662-6199
Fax: 312-726-6045

**equandt@scharfbanks.com**

www.scharfbanks.com

**From:** Jean Liu [mailto:jliu@kdvlaw.com]
**Sent:** Tuesday, May 25, 2021 1:44 PM
**To:** Eric Quandt <equandt@scharfbanks.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>
**Subject:** Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

Eric and Ted,

The court's April 19 order provides that motions to compel regarding any alleged written discovery deficiencies are due June 1. In light of same and pursuant to Local Rule 37.2, please advise if you are available today or tomorrow to discuss the written discovery deficiencies set forth in our attached letter. We look forward to hearing from you.

Thank you,
Jean

**Jean Liu**
*Attorney at Law*



135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct:   312-376-4747
Cell:     773-441-6131
Main:   312-759-1400
Fax:     312-896-9403
Email:  jliu@kdvlaw.com

**WWW.KDVLAW.COM**

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Friday, April 9, 2021 4:24 PM
**To:** Eric Quandt <equandt@scharfbanks.com>; Theodore Banks <tbanks@scharfbanks.com>
**Cc:** Maria Preiti <mpreiti@kdvlaw.com>; Stefan Dandelles <sdandelles@kdvlaw.com>
**Subject:** Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corp. (Re MAC's Responses to QBE's RTP)

Eric and Theodore,

Please see the attached letter with respect to Mike Anderson Chevrolet of Chicago, LLC's Responses to QBE Insurance Corporation's Requests to Produce. We look forward to hearing from you.


Thank you,
Jean


**Jean Liu**
*Attorney at Law*



135 South LaSalle St., Suite 2100

Chicago, IL 60603

Direct: 312-376-4747
Cell: 773-441-6131
Main: 312-759-1400
Fax: 312-896-9403
Email: jliu@kdvlaw.com

**WWW.KDVLAW.COM**

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.



**Kaufman Dolowich & Voluck, LLP**
135 S. LaSalle Street, Suite 2100
Chicago, Illinois 60603

Main: (312) 646-6744
Fax: (312) 896-9403

www.kdvlaw.com

**Stefan R. Dandelles**
Email: sdandelles@kdvlaw.com
Direct: (312) 646-6742
Mobile: (312) 206-4976

September 4, 2020

**VIA EMAIL**

Theodore L. Banks
SCHARF BANKS MARMOR LLC
333 West Wacker Drive
Suite 450
Chicago, IL 60606
tbanks@scharfbanks.com

| | |
|---|---|
| Matter: | Jason Kolodzinski Transactions |
| Insured: | Mike Anderson Auto Group |
| Policy No.: | QPL0766816 |
| Policy Period: | October 1, 2017 to October 1, 2018 |
| Claim No.: | 565862N |
| Our File No.: | 033516-0040 |

Dear Mr. Banks:

As you are aware, we are assisting QBE Insurance Corporation ("QBE") in its review of coverage under the above-referenced Policy (the "Policy") for the purported losses sustained by Mike Anderson Chevrolet of Chicago ("MACC") regarding six categories of transactions involving MACC's former general manager, Jason Kolodzinski (the "Kolodzinski Matter") as reflected in MACC's July 20, 2020 Amended POL (the "Amended POL"). We are writing in response to your August 19, 2020 letter regarding MACC's purported plan to sue QBE for breach of contract without first providing the information necessary for QBE to complete its investigation of the Kolodzinski Matter. This letter also follows up on outstanding information requests and identifies additional information that QBE asks MACC to provide pursuant to QBE's ongoing investigation of the Kolodzinski Matter and potential coverage under the Policy. Please note that because significant information remains outstanding, no final determination of coverage can be made at this time.

Your August 19 letter asserts that MACC's proposed action against QBE is "necessary to get the ability to subpoena Jason Kolodzinski and witnesses to his various thefts." However, we continue to believe that the best way to obtain evidence from Kolodzinski and others either directly or indirectly involved in his purported scheme is to file suit against him which MACC has refused to do despite having already filed a criminal complaint against him. Further, MACC's proposed suit against QBE will not accomplish its apparent goal of developing information that it can use to meet its burden of establishing coverage under the Policy. This is because MACC's proposed complaint for breach of contract necessarily requires that MACC establish that QBE owed coverage *before* MACC files its complaint. For example, MACC could not use information first obtained in a deposition of Kolodzinski in December 2020 as evidence that QBE breached the Policy by not paying MACC's purported losses in September 2020. Accordingly, any *new* information developed in discovery in an action against QBE could not be used to support MACC's breach of contract claim.

Theodore L. Banks<br>
SCHARF BANKS MARMOR LLC<br>
September 4, 2020

We also question your assertions that MACC's proposed complaint "states a cause of action" and that MACC "could prevail on a motion for full or partial summary judgment." Given the recent submission of the Amended POL, the unanswered pending requests for information, the new requests for information, the anticipated need for further information and/or examinations under oath, and the fact that QBE has not taken a coverage position, it appears that there may not even be a justiciable controversy at this time. Moreover, MACC's potential failure to cooperate or other potential breaches of its obligations under the Policy regarding QBE's coverage investigation may eliminate any potential coverage at the motion to dismiss or summary judgment stage.

We also note that your August 19 letter asserts that "[MACC] agreed that [it] would provide additional information *as a courtesy*" (emphasis added). MACC providing information "as a courtesy" to QBE was not discussed during our August 11 telephone conversation and it is indeed MACC's obligation to do so. During our recent call, you indicated that MACC would be providing a narrative summary of its claim and responses to QBE's pending requests for information. Section VI.B.4 of the Policy states that MACC "shall . . . cooperate with the Insurer in the investigation of any claim." QBE reserves its rights in this regard and looks forward to MACC's cooperation in responding to the requests for information set forth below.

## **REQUESTS FOR INFORMATION**

We appreciate the additional information provided with your August 19 letter – some of which was not previously provided to QBE despite appearing to be responsive to our previous requests. However, the information provided with your August 19 letter is not responsive to most of the requests for information set forth in our February 6, 2020 letter. Below we identify certain outstanding requests for information, as well as additional requests based on the newly provided information.

1. Our February 6 letter asked that MACC please confirm that it has provided all evidence in its possession of Kolodzinski's purported financial interest in the transactions at issue (i.e., each of the six schemes identified in MACC's July 20, 2020 Amended POL). Your August 19 letter did not address this request. Therefore, we reiterate the request for such confirmation.

2. Request No. 1 in our February 6 letter asked MACC to "provide any documentation which MACC believes shows that services for which MACC paid AC Customs were not performed." Your August 19 letter did not respond to Request No. 1, other than to state at Paragraph 8.d.: "AC Customs – invoice for $8,000 rims that were never received." In this regard, we ask that MACC please:

    a. Provide (or identify if previously provided) the invoice for the $8,000 rims that were purportedly never received;

    b. Explain the basis for MACC's contention that the $8,000 rims were not received and provide supporting documentation;

    c. Advise whether MACC contends that other parts or services representing the $176,000 of Inflated Repair Charges in the Amended POL were not received; and

    d. Confirm whether MACC seeks coverage for the $168,000 of the Inflated Repair Charges not represented by the $8,000 rims referenced above and, if so, please:

        i. Identify any repairs that MACC contends were performed at inflated prices, explain why MACC believes the prices were inflated, the amount by which the price of each repair was inflated, and provide supporting documentation;

    ii. Identify any repairs that MACC contends were unnecessary, explain why MACC believes the repairs were unnecessary, and provide supporting documentation; and

    iii. Confirm whether Kolodzinski had discretion to authorize the repairs for which MACC seeks coverage.

3. Request No. 2 in our February 6 letter asked MACC to "clarify the amount of loss claimed for the trade-in of Kolodzinski's Corvette." Your August 19 letter states that the trade-in value given by MACC was "approximately $61,000, while the actual trade in value was approximately $52,000, and with repair costs necessary, the dealership lost approximately $10,000 on the transaction." As noted in our July 22, 2019 letter to MACC, the VAuto appraisal submitted with the loss lists various values including an "rbook" value of $62,875 and a January 18, 2018 email from Mike Anderson to Debbie Wick and Bill Thompson states that Kolodzinski "put $5k more in the trade than it was worth." In this regard, we ask that MACC please:

    a. Identify the specific (not approximate) amount that MACC seeks for the Personal Trade-In category in the Amended POL;

    b. Identify the "actual trade-in value" on which MACC it bases its claim and provide supporting documentation;

    c. Explain the discrepancy between MACC's assertion of the "actual trade in value" and the $62,875 "rbook" value;

    d. Explain the discrepancy between MACC's assertion of the "actual trade in value" and the email referencing a purported $5,000 increase in the trade-in value; and

    e. Identify all persons involved in the Kolodzinski's trade-in of his Corvette and describe their positions and roles in the trade-in.

4. Request No. 3 in our February 6 letter asked MACC to "provide examples of documentation generally received by MACC from legitimate mail and radio advertisers verifying advertisements were transmitted." Your August 19 letter did not respond to Request No. 3. Therefore, we reiterate this request.

5. Request No. 4 in our February 6 letter asked MACC to "provide all emails or other electronic communications to or from Kolodzinski from January 1, 2016 to the present that are in MACC's possession or accessible to MACC." Request No. 5 in our February 6 letter asked MACC to "secure and preserve any computer used by Kolodzinski, as well as any other electronic or physical records pertaining to Kolodzinski or this matter." Your August 19 letter states that MACC "does not have access to all of the emails sent or received by Kolodzinski, and such a request is excessive in any case. Several emails were located, and copies are attached." However, QBE understands that Kolodzinski used a business email account hosted or otherwise operated or maintained by MACC (e.g., via Microsoft Enterprise or Outlook365). QBE also understands that MACC has retained the computer used by Kolodzinski at MACC. Therefore, please explain why MAC lacks access to all emails sent or received by Kolodzinski from his MACC account. In any event, QBE will gladly coordinate with MACC to obtain a copy of Kolodzinski's email account (e.g., a .PST file). Therefore, we ask that you please contact us to discuss the best way for QBE to obtain a copy of Kolodzinski's email account and/or the hard drive on the computer he used at MACC.

Theodore L. Banks<br>SCHARF BANKS MARMOR LLC<br>September 4, 2020

6. Request No. 6 in our February 6 letter asked MACC to "provide all documentation in MACC's possession regarding the transactions at issue in the Kolodzinski Matter." Your August 19 letter did not respond to Request No. 6. We note that MACC continues to provide additional information that was not previously provided, despite appearing responsive to our prior requests for information. Therefore, we reiterate Request No. 6 and ask for MACC's careful consideration in response to this request.

7. Request No. 7 in our February 6 letter asked MACC to "provide a detailed description of MACC's policies and procedures regarding submission, review, and approval of vendor invoices and the issuance and transmission of payments for such invoices (collectively, "Vendor Payment Procedures") between January 1, 2016 and January 30, 2018, as well as copies of any such written policies and procedures." Your August 19 letter did not respond to Request No. 7, other than to state in Paragraph 7 that "the usual method to obtain payment is to submit a check request." In this regard, we note that MACC responded "Yes" to the following question on its June 15, 2017 application pursuant to which the Policy was issued: "Does the Applicant: [] c. verify invoices against a corresponding purchase order, receiving report and the authorized master vendor list prior to issuing payment." Therefore, we reiterate Request No. 7 and also request that MACC please:

    a. Provide a copy of the purchase order corresponding to each invoice it paid to TKC or J&N;

    b. Provide a copy of the master vendor list, and any revisions thereto, effective between May 2016 and December 2017; and

    c. Identify the persons who verified the TKC and J&N invoices against the master vendor list and the applicable purchase orders before authorizing payment and provide supporting documentation of the verifications.

8. Request No. 8 in our February 6 letter asked MACC to "provide a detailed description of the process, including all persons involved, by which the invoices at issue in the Kolodzinski Matter were paid and state whether that process complied with MACC's Vendor Payment Procedures." Your August 19 letter did not respond to Request No. 8, other than to state in Paragraph 7 that "the usual method to obtain payment is to submit a check request." Therefore, we reiterate this request.

9. Request No. 9 in our February 6 letter asked MACC to "with respect to mail and radio advertising vendors, please advise whether it was MACC's policy to issue payment without receiving verification that the advertisements had been transmitted." Your August 19 letter did not respond to Request No. 9. Therefore, we reiterate this request.

10. Request No. 10 in our February 6 letter asked MACC to provide the name and contact information of any person that MACC believes has knowledge regarding the transactions at issue in the Kolodzinski Matter or Kolodzinski's interests in those transactions, including . . . current or former employees of MACC, and brief description of their role and knowledge regarding this matter." Your August 19 letter identified the following "current MACC employees involved with this matter," but did not provide the requested description of their role and knowledge regarding this matter: Mike Anderson, Judy Arnold, Tim Jenney, Katie Keenan, and Tiffany Santiago. The documentation previously provided indicates that other MACC employees may have been involved in the transactions at issue in the Kolodzinski Matter (e.g., Barbara Flores and Roland De Luna). Therefore, we ask that you please confirm that the five MACC employees identified above are the only current or former employees with the knowledge specified in Request No. 10. If not, please identify all current or former employees with such knowledge. We also ask that you please provide

Theodore L. Banks
SCHARF BANKS MARMOR LLC
September 4, 2020

a description of each persons' role and knowledge regarding the transactions at issue as previously requested.

11. The October 26, 2017 email from Bill Thompson to Mike Anderson in the "1-19-18" email attached to your August 19 letter does not appear to have been previously provided to QBE. In the email, Thompson advises Anderson that he might have a thief at MACC and describes the Direct Mail Advertising scheme in the Amended POL. In response to QBE's prior requests regarding documentation concerning the Kolodzinski Matter, including with respect to evidence of the purported "theft," MACC primarily provided emails from January 2018 that summarized events in 2017. In light of the newly submitted information regarding MACC's apparent knowledge of the issues regarding J&N and its investigation in the Fall 2017, we ask that MACC please provide:

    a. All written and email correspondence between with Mike Anderson Jr. or Mike Anderson Sr. and Kolodzinski from January 1, 2016 to the present date (as previously requested in our October 3, 2018 letter);[1]

    b. All written and email correspondence between MACC and anyone else referencing or regarding Kolodzinski, Epic, Sir Hooptie, TKC, J&N, AC Custom, or reports of suspected theft or dishonesty from January 1, 2016 to the present.

    c. A detailed description of MACC's October 2017 investigation into J&N, with supporting documentation, including whether and why MACC stopped doing business with J&N.

    d. A detailed description of when, how, and who at MACC first learned of the purported theft for each of the schemes identified in the Amended POL and supporting documentation.

12. As Paragraph 4 of your August 19 letter states that J&N could not provide proof of mailing and the "proof of mailing.pdf" that they did provide "was confirmed by the postmaster to be phony," we ask that MACC please:

    a. Provide all communications between MACC and J&N regarding requests for proof of mailing;

    b. Describe how, when, and to whom the "postmaster" confirmed that the proof of mailing was phony and provide supporting documentation; and

    c. Describe any action taken by MACC with respect to J&N after learning that it could not provide proof of mailing.

13. As Paragraph 4 of your August 19 letter states that the "supposed mailing list for the mailing was also phony," we ask that MACC please:

    a. Provide all written communications between MACC and J&N regarding the mailing list;

    b. Explain why MACC concluded the mailing list was phony and provide supporting documentation,

---

[1] Please contact us to discuss an efficient method of obtaining the email or other electronic information responsive to the Requests 11.a. and b.

Theodore L. Banks
SCHARF BANKS MARMOR LLC
September 4, 2020

    c. Describe how, when, why, and who at MACC concluded that the mailing was phony and provide supporting documentation;

    d. Describe any action taken by MACC with respect to J&N after concluding that mailing list was phony and provide supporting documentation.

14. As Paragraph 5 of your August 19 letter appears to assert that MACC's purported losses resulting from cars purchased from Epic and Sir Hooptie are covered because Kolodzinski violated instructions not to do business with those entities and MACC previously provided an October 31, 2017 email from Mike Anderson instructing Kolodzinski not to buy anything else from AC Customs or Epic, please advise if MACC is seeking coverage for claims related to cars purchased before Mike Anderson's October 31, 2017 email and, if so, explain why such claims involve an unlawful taking of Money, Securities, or Property to the deprivation of MACC committed by Kolodzinski and provide supporting documentation.

15. As Paragraph 8.e. of your August 9 letter states "Contact with Chris (owner) [of TKC] who refused to provide transcripts supporting the radio time that was billed but never aired," we ask that MACC please:

    a. Provide all written communications between MACC and TKC regarding request for confirmation that advertisements aired, and provide supporting documentation

    b. Identify and describe, including the date and the persons involved, all non-written communications between MACC and TKC regarding the request for confirmation that advertisements aired and provide supporting documentation;

    c. Explain why MACC concluded that the "radio time" never aired and provide supporting documentation,

    d. Describe how, when, why, and who at MACC concluded that the "radio time" never aired and provide supporting documentation;

    e. Describe any action taken by MACC with respect to TKC after concluding that "radio time" never aired and provide supporting documentation.

If there is any information requested herein that MACC believes cannot be provided to QBE, or if you wish to discuss the content of any request or the best means by which to provide the information requested, please let us know and we are happy to discuss. If any information requested does not exist, please also state as such. QBE expects that information supplied may lead to further inquiries, and QBE does not suggest that the aforementioned requests include all of the information that QBE requires with respect to the Kolodzinski Matter. Additionally, QBE anticipates that, after reviewing the relevant documentation provided by MACC, it may wish to exercise its right under Section VI.B.3.to conduct examinations under oath of certain persons with information regarding the Kolodzinski Matter. Finally, after reviewing this letter, we invite you to contact us to discuss this matter further.

As QBE's investigation and analysis of this matter is ongoing, no final determination of coverage can be made at this time. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by QBE.

Theodore L. Banks<br>
SCHARF BANKS MARMOR LLC<br>
September 4, 2020

In the meantime, we look forward to receiving the additional requested information. Please do not hesitate to contact us with any questions or to discuss this matter further.

Very sincerely yours,

Kaufman Dolowich & Voluck, LLP

Stefan R. Dandelles
Co-Managing Partner – Chicago Office

cc:     Eric Quandt (SBM)
           Christopher Blum (KDV)
           Gabriel Speciale (QBE)

4836-4638-8426, v. 1



Kaufman Dolowich & Voluck, LLP
135 S. LaSalle Street, Suite 2100
Chicago, Illinois 60603

Main: (312) 646-6744
Fax: (312) 896-9403

www.kdvlaw.com

**Stefan R. Dandelles**
Email:   sdandelles@kdvlaw.com
Direct:   (312) 646-6742
Mobile:  (312) 206-4976

October 3, 2018

**VIA EMAIL**

Judy Arnold
Controller
Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago
5333 W. Irving Park Rd.
Chicago, IL 60641
judy.arnold@mikeandersonchevy.com

| | |
|---|---|
| Insured: | Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago |
| Policy No.: | QPL0766816 |
| Policy Period: | October 1, 2017 to October 1, 2018 |
| Our File No.: | 033516-0040 |

Dear Ms. Arnold:

As you are aware, we represent QBE Insurance Corporation ("QBE") in connection with Commercial Crime Policy No. QPL0766816 issued to Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago ("MACC") for the Policy Period of October 1, 2017 to October 1, 2018 (the "Policy"), regarding the proof of loss ("POL") submitted on March 1, 2018 in respect of purported theft by MACC's former employee Jason Kolodzinski (the "Claim"). Thank you for providing certain materials pertinent to our investigation of this Claim. We have reviewed the entirety of the hard copy materials provided to us. However, several of our requests as previously set forth either were not answered fully or remain outstanding. This information is necessary to gain a full understanding of the facts and circumstances surrounding this matter. In this regard, we reiterate below the outstanding requests and include a series of supplemental requests for documents and/or information that will assist us in our review. As QBE's investigation and analysis of this matter is ongoing, no final determination of coverage can be made at this time.

**INITIAL REQUESTS THAT REMAIN OUTSTANDING**

We request that you provide the following records and information. To the extent that MACC is not in possession or control of any responsive documents or information, please affirmatively so state.

1.      Complete details regarding the used car purchase process, including but not limited to:

    a)    Details regarding the purchase and sale of used cars, including any oversight by MACC regarding purchase price, and whether Kolodzinski had discretion as to what sellers he was able to purchase cars from and for what price.

2. Complete details regarding MACC's utilization of J&N Marketing and/or VC Customs, including but not limited to:

    a)    Details regarding all communications between these vendors and MACC or its employees; and

    b)    Details regarding which employees were able to contract or bind MACC with respect to these vendors.

3. To the extent MACC has any written policies or procedures relating to the purchase, sale, verification or any other process involved with vendors generally, please provide same.

4. To the extent MACC has any written files relating to the events at issue in the POL, please provide those.

## SUPPLEMENTAL REQUEST FOR DOCUMENTS AND INFORMATION

Further to QBE's ongoing investigation and analysis of this matter, we request that you provide the following records and information. To the extent MACC is not in possession or control of any responsive documents or information, please affirmatively so state.

5. Further to Request 1(a) above, please provide a step-by-step description of how MACC's purchase and sale of used vehicles works, inclusive of a description of the individuals involved throughout the process.

6. In respect of the used car purchase and sale process, please describe the following:

    a)    Where did funds used to purchase vehicles come from? How were funds disbursed?

    b)    Which employees of MACC were authorized to purchase new and used vehicles from January 1, 2016 to the present date?

    c)    Who determined the sale price for used cars, how was that price determined, who was authorized to change the sale price, and please provide a list of those individuals authorized to sell vehicles for MACC from January 1, 2016 to the present date.

7. In the context of this Claim, please describe any and all actions of Kolodzinski that you assert were:

    a)    Beyond the scope of Kolodzinski's authority; and/or

    b)    Unlawful.

8. Please provide an update on the status of MACC's recovery efforts for the Loss.

Judy Arnold
October 3, 2018
Page 3

9. Please provide an update on the status of any criminal investigation associated with the Loss. We note that grand jury subpoenas were issued to certain purported vendors of MACC.

10. In respect of the communications briefly mentioned in your response to our previous Request 3(b) where you wrote: "Jason would handle these vendors along with Barbara Flores, Monica in A/P"; please provide all email and other written correspondence between MACC employees and the following vendors:

    a) J&N Marketing, and

    b) TKC Entertainment.

11. Furthermore, please describe the extent of services provided by J&N Marketing and TKC Entertainment to MACC, and any supporting information or documentation relating to same.

12. We note that you previously provided certain email correspondence from Mike Anderson (mike@mikeandersonchevy.com) to Kolodzinski. Please provide all written and email correspondence between either Mike Anderson Jr. or Mike Anderson Sr. and Kolodzinski from January 1, 2016 to the present date.

13. Please provide details in respect of Kolodzinski's employment with MACC, including:

    a) Who did Kolodzinski report to?

    b) What were Kolodzinski's job responsibilities?

    c) Was Kolodzinski formally terminated? Was there any sort of separation agreement? If so please provide a copy of same.

    d) What was the last communication anyone at MACC had with Kolodzinski? Please provide any documentation reflecting such communication(s).

14. In the text messages provided by MACC from Kolodzinski, Kolodzinski purportedly wrote "And you're right Rory I've been doing this for 2 years I need you as a partner and a friend. Not to buy cars. I buy them for money from you. You know that. **And I was told not to and I do anyways cause I need money**." (Emphasis added). Please provide details regarding this assertion, including:

    a) Who "Rory" is;

    b) The relationship between Kolodzinski and "Rory";

    c) Kolodzinski's assertion that he was told not to buy cars from "Rory". What are the circumstances of Kolodzinski being told not to purchase vehicles from "Rory", when did that occur, why did that occur, and please provide any other details relating to that incident;

    d) Additionally, please provide full details regarding any and all other instances where Kolodzinski was disciplined or reprimanded while employed at MACC.

Judy Arnold
October 3, 2018
Page 4

15. Further, in the text messages provided by MACC from Kolodzinski he sends a picture of what appears to be a newly installed interior drain tile system. Kolodzinski writes: "See you help me make money by saving me time so I can do it all!" Please provide any and all known details of any moonlighting and/or other business ventures by Kolodzinski while he was employed at MACC.

QBE reserves its rights under the Policy and operative law with respect to coverage for the loss alleged in the POL, including the right to seek additional information. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by QBE.

If you would like to discuss this matter further, please do not hesitate to contact us.

Very truly yours,

Kaufman Dolowich & Voluck, LLP

Stefan R. Dandelles
Co-Managing Partner – Chicago Office

cc: Priyanka Gandhi
    QBE


4840-5615-9348, v. 1