# EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) | |
| Plaintiff | ) ) | Case No. 1:20-cv-06161 |
| v. | ) ) | Judge Franklin U. Valderrama |
| QBE INSURANCE CORPORATION | ) ) ) | Magistrate Judge Sunil R. Harjani |
| Defendant. | ) ) | |

## MIKE ANDERSON CHEVROLET OF CHICAGO, LLC's SUPPLEMENTAL RESPONSE TO QBE INSURANCE CORPORATION'S FIRST SET OF REQUESTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Mike Anderson Chevrolet of Chicago, LLC, by and through its attorneys, respond to Defendant QBE Insurance Corporation's First Set of Requests for Production as follows:

1. Produce all documents referred to in Your Rule 26(a) Disclosures in this litigation.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

2. Produce any other documents that You intend to rely upon in support of Your position in this litigation.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

3. Produce all documents that You contend evidence any financial interest of Jason Kolodzinski in, or any benefit received by Jason Kolodzinski from, the Transactions.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody

or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

## SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant

4. Provide all communications, including email, to or from Jason Kolodzinski related to the Transactions or the persons or entities involved in the Transactions.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE

Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

5. Provide all communications, including email, to or from any MACC personnel, including Mike Anderson, Sr., Mike Anderson, Jr., Judy Arnold, Bill Thompson, Debbie Wick, Hazem Mutawe, Tiffany Santiago, Barbara Flores, Robert DeLuna, Terry Fakhoury, Jess Fakhoury, Johanna Vasquez, and Katie Keenan, related to: (a) the Transactions, including the persons or entities involved, or (b) Jason Kolodzinski.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof

of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

6. Provide all documents related to any investigation of the Transactions by MACC.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email

a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

7. Provide all documents related to Jason Kolodzinski's employment by MACC, including his employee file.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

8. Provide all documents related to any attempt by MACC to obtain proof that the services or items purchased in the Transactions described in Paragraphs 10(a), 10(b), and 10(e) of MACC's Amended Complaint in this litigation were not provided or were provided at an inflated price.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

9.  Provide all documents related to MACC's policies, procedures, or protocols for obtaining and paying for the types of services or items purportedly purchased in the Transactions.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These

documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

10. **Provide the purchase order corresponding to each service or item purportedly purchased by MACC in the Transactions.**

**RESPONSE:** On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication

with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

**11. Provide MACC's master vendor list, and any revisions thereto, effective from 2015 to 2018.**

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key

non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

12. Provide bank statements (and, if not included therein, images of cancelled checks) reflecting all purported payments by MACC for the Transactions.

RESPONSE: On October 3, 2018 QBE Insurance Corporation, through its counsel, sent via email a detailed letter request for documents and information directly to its insured Mike Anderson Chevrolet of Chicago, LLC, in addition to hard copy materials previously provided by the insured relating to the proof of loss ("POL"), as referenced in the letter, attached hereto as Exhibit "A". Mike Anderson Chevrolet of Chicago, LLC responded with detailed Answers, attached hereto as Exhibit "B", and produced documents and records in its possession, custody and control. Following additional communications counsel for Mike Anderson Chevrolet of Chicago, LLC provided additional information and documents to counsel for QBE Insurance Corporation via letter dated August 19, 2020, attached hereto as Exhibit "C", prior to filing this lawsuit. Documents, records and information responsive to this request in Plaintiff's possession, custody or control have previously been supplied to Defendant via hard copy and for inspection and copying. Any additional relevant information is believed to be in the hands of non-parties and subpoenas have issued and being issued for relevant documents and records.

SUPPLEMENTAL RESPONSE:

Documents and information responsive to this request in plaintiff's possession and control have been made available to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to these subpoenas are being shared with defendant. Thus far, the documents received have been

substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

Dated: June 24, 2021

Respectfully submitted,

/s/ Eric F. Quandt
Eric F. Quandt
Theodore L. Banks
Scharf Banks Marmor LLC
333 West Wacker Drive
Suite 450
Chicago, Illinois 60606
(312) 726-6000
equandt@scharfbanks.com
tbanks@scharfbanks.com



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

Kaufman Dolowich & Voluck, LLP
135 S LaSalle Street, Suite 2160
Chicago, Illinois 60603

Phone (312) 646-6744
Fax. (312) 896-9403

www.kdvlaw.com

Stefan R. Dandelles
Email:    sdandelles@kdvlaw.com
Direct.   (312) 646-6742
Mobile.   (312) 206-4976

October 3, 2018

<u>VIA EMAIL</u>

Judy Arnold
Controller
Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago
5333 W. Irving Park Rd.
Chicago, IL 60641
judy.arnold@mikeandersonchevy.com

| | |
|---|---|
| Insured: | Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago |
| Policy No.: | QPL0766816 |
| Policy Period: | October 1, 2017 to October 1, 2018 |
| Our File No.: | 033516-0040 |

Dear Ms. Arnold:

As you are aware, we represent QBE Insurance Corporation ("QBE") in connection with Commercial Crime Policy No. QPL0766816 issued to Mike Anderson Auto Group/Mike Anderson Chevrolet of Chicago ("MACC") for the Policy Period of October 1, 2017 to October 1, 2018 (the "Policy"), regarding the proof of loss ("POL") submitted on March 1, 2018 in respect of purported theft by MACC's former employee Jason Kolodzinski (the "Claim"). Thank you for providing certain materials pertinent to our investigation of this Claim. We have reviewed the entirety of the hard copy materials provided to us. However, several of our requests as previously set forth either were not answered fully or remain outstanding. This information is necessary to gain a full understanding of the facts and circumstances surrounding this matter. In this regard, we reiterate below the outstanding requests and include a series of supplemental requests for documents and/or information that will assist us in our review. As QBE's investigation and analysis of this matter is ongoing, no final determination of coverage can be made at this time.

<u>INITIAL REQUESTS THAT REMAIN OUTSTANDING</u>

We request that you provide the following records and information. To the extent that MACC is not in possession or control of any responsive documents or information, please affirmatively so state.

1.    Complete details regarding the used car purchase process, including but not limited to:

Exhibit "A"

    a)    Details regarding the purchase and sale of used cars, including any oversight by MACC regarding purchase price, and whether Kolodzinski had discretion as to what sellers he was able to purchase cars from and for what price.

2.    Complete details regarding MACC's utilization of J&N Marketing and/or VC Customs, including but not limited to:

    a)    Details regarding all communications between these vendors and MACC or its employees; and

    b)    Details regarding which employees were able to contract or bind MACC with respect to these vendors.

3.    To the extent MACC has any written policies or procedures relating to the purchase, sale, verification or any other process involved with vendors generally, please provide same.

4.    To the extent MACC has any written files relating to the events at issue in the POL, please provide those.

### SUPPLEMENTAL REQUEST FOR DOCUMENTS AND INFORMATION

Further to QBE's ongoing investigation and analysis of this matter, we request that you provide the following records and information. To the extent MACC is not in possession or control of any responsive documents or information, please affirmatively so state.

5.    Further to Request 1(a) above, please provide a step-by-step description of how MACC's purchase and sale of used vehicles works, inclusive of a description of the individuals involved throughout the process.

6.    In respect of the used car purchase and sale process, please describe the following:

    a)    Where did funds used to purchase vehicles come from? How were funds disbursed?

    b)    Which employees of MACC were authorized to purchase new and used vehicles from January 1, 2016 to the present date?

    c)    Who determined the sale price for used cars, how was that price determined, who was authorized to change the sale price, and please provide a list of those individuals authorized to sell vehicles for MACC from January 1, 2016 to the present date.

7.    In the context of this Claim, please describe any and all actions of Kolodzinski that you assert were:

    a)    Beyond the scope of Kolodzinski's authority; and/or

    b)    Unlawful.

8.    Please provide an update on the status of MACC's recovery efforts for the Loss.

9.      Please provide an update on the status of any criminal investigation associated with the Loss. We note that grand jury subpoenas were issued to certain purported vendors of MACC.

10.     In respect of the communications briefly mentioned in your response to our previous Request 3(b) where you wrote: "Jason would handle these vendors along with Barbara Flores, Monica in A/P"; please provide all email and other written correspondence between MACC employees and the following vendors:

        a)      J&N Marketing, and

        b)      TKC Entertainment.

11.     Furthermore, please describe the extent of services provided by J&N Marketing and TKC Entertainment to MACC, and any supporting information or documentation relating to same.

12.     We note that you previously provided certain email correspondence from Mike Anderson (mike@mikeandersonchevy.com) to Kolodzinski. Please provide all written and email correspondence between either Mike Anderson Jr. or Mike Anderson Sr. and Kolodzinski from January 1, 2016 to the present date.

13.     Please provide details in respect of Kolodzinski's employment with MACC, including:

        a)      Who did Kolodzinski report to?

        b)      What were Kolodzinski's job responsibilities?

        c)      Was Kolodzinski formally terminated? Was there any sort of separation agreement? If so please provide a copy of same.

        d)      What was the last communication anyone at MACC had with Kolodzinski? Please provide any documentation reflecting such communication(s).

14.     In the text messages provided by MACC from Kolodzinski, Kolodzinski purportedly wrote "And you're right Rory I've been doing this for 2 years I need you as a partner and a friend. Not to buy cars. I buy them for money from you. You know that. **And I was told not to and I do anyways cause I need money**." (Emphasis added). Please provide details regarding this assertion, including:

        a)      Who "Rory" is;

        b)      The relationship between Kolodzinski and "Rory";

        c)      Kolodzinski's assertion that he was told not to buy cars from "Rory". What are the circumstances of Kolodzinski being told not to purchase vehicles from "Rory", when did that occur, why did that occur, and please provide any other details relating to that incident;

        d)      Additionally, please provide full details regarding any and all other instances where Kolodzinski was disciplined or reprimanded while employed at MACC.

Judy Arnold
October 3, 2018
Page 4

15.     Further, in the text messages provided by MACC from Kolodzinski he sends a picture of what appears to be a newly installed interior drain tile system. Kolodzinski writes: "See you help me make money by saving me time so I can do it all!" Please provide any and all known details of any moonlighting and/or other business ventures by Kolodzinski while he was employed at MACC.

QBE reserves its rights under the Policy and operative law with respect to coverage for the loss alleged in the POL, including the right to seek additional information. This letter is not, and should not be construed as, a waiver of any terms, conditions, exclusions or other provisions of the Policy, or any other policies of insurance issued by QBE.

If you would like to discuss this matter further, please do not hesitate to contact us.

Very truly yours,

Kaufman Dolowich & Voluck, LLP

Stefan R. Dandelles
Co-Managing Partner – Chicago Office

cc:     Priyanka Gandhi
        QBE

4840-5615-6348, v. 1

Answers to October 3, 2018 letter from Stefan Dandelles

1.  Email is attached
    a.  Pricing and purchasing are done thru V-Auto. Jason was our General Manager and part of his duties as General Manager was to purchase and price vehicles.

2.  a.) All communications with these vendors happened with Jason Kolodzinski

    b.) We did not have Vendor agreements at the time. All new vendors are to be approved by Mike Anderson.

3.  We do have a policy that we have every employee sign. I have attached it to this email. Also any manager that wants to hire a new vendor has to get Mike Anderson's approval.

4.  All files have been turned over to Stefan Dandelles.

5.  I have attached all email and text messages to this email.

6.  a.) Auction vehicles were floored through Ally. A physical check was supplied for Purchase Vehicles from our checking account.

    b.) Jason Kolodzinski, Haz Mutawe, and Emmanuel Kalou were the only managers allowed to purchase new and or used vehicles.

    c.) The list of managers that were allowed to determine the pricing for vehicles were: Jason Kolodzinski, Haz Mutawe, and Emmanuel Kalou.

7.  a.) In October 2017 Mike Anderson told Jason Kolodzinski that he is not to buy any more vehicles from Epic Motor Sports or Sir Hooptie. Jason Kolodzinski still continued to purchase vehicles.

    b.) Falsified billing with TKC entertainment and J&N Marketing.

8.  We have been working with the Chicago Police Department and they have turned it over to the States Attorney's Office.

9.  No update available as this time.

10. Emails are attached.

11. J&N Marketing were mailers and TKC Entertainment was Radio. Documentation for both of these vendors has been submitted to Stefan Dandelles.

12. Emails are attached.

13. A.) Jason reported to Mike Anderson.

Exhibit "B"

b.) Jason was the General Manager:

## General Manager (GM) Job Description

The automotive dealership **General Manager** ensures the profitability of the dealership by overseeing the various departments which include variable operations (sales & financing), fixed operations (service & parts), and the business office (accounting & administration). Duties of the general manager include, but certainly not limited to, planning, motivating and coordinating the dealership's management through leadership and solid business practices.

## Job Duties

Job duties for a general manger include:

- Hiring all management positions, completing performance evaluations regularly and developing short and long-term goals for each department manager (includes administrative, sales, parts, and service departments).
- Planning and developing short and long-term goals and objectives annually, and submitting time projections to corporate management for approval.
- Paying close attention to daily operations, recommending and creating improved courses of action where necessary.
- Explaining the policies and procedures of the dealership to all employees and following up with employees to ensure that these issues are understood and followed.
- Providing dealership management with weekly reports on the financial condition of the dealership.
- Coordinating with the business/administrative office to ensure that records and analyses are correctly maintained.
- Creating a good working relationship with lending institutions and manufacturer personnel and maintaining these relationships.
- Coordinating regular meetings with the managers of each department to ensure their profitability and efficiency.
- Overseeing the hiring and training of all department managers.
- Maintaining an enthusiastic attitude to build positive employee attitudes and morale.
- Creating cost-effective advertising programs and merchandising strategies for the dealership.
- Focusing on any customer complaints that department managers are unable to rectify and taking the necessary steps to resolve these complaints.

c.) Jason Kolodzinski was not formally terminated. He just disappeared.

d.) The last communication with Jason Kolodzinski was on 1/16/18. Print screens from Michael Anderson and Barbara Flores are attached.

14. a.) Rory is the owner of Epic Motorsports.

b.) Vendor/Purchaser. It wasn't until after Jason Kolodzinski left that Judy Arnold called Bill Kay and found out that Jason and Rory were working together there as well.

c.) We had issues with the vehicles coming back for major repairs. We were not able to sell the cars that Jason Kolozinski was buying from Rory.

d.) There were no other instances where discipline or reprimand happened with Jason Kolodzinski.

15. Jason Kolodzinski's other business ventures were: Eco dry, Dance competition/conference, Epic Motorsports, and A/C Customs.



SCHARF
BANKS
MARMOR LLC

319 West Wacker Drive, Suite 450
Chicago IL 60606 · (312) 726-6000

Reply directly to:
Theodore L. Banks
312-362-4857
TBanks@scharfbanks.com

August 19, 2020

VIA EMAIL: cblum@kdvlaw.com

Christopher Blum, Esq.
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle St.
Suite 2100
Chicago, IL 60603

RE:    Claim of Mike Anderson Chevrolet

Dear Chris:

This will confirm our telephone conversation on August 11, 2020, where we explained why a lawsuit is necessary to get the ability to subpoena Jason Kolodzinski and witnesses to his various thefts. We also thought that your firm or your client would have access to investigators that could track down Kolodzinski and the people with whom he conspired to steal from Mike Anderson Chevrolet (MACC).

We agreed that we would provide additional information as a courtesy. Most of the information was provided when the original claim was filed, and the key written documentation in my client's possession was already supplied to you.

1.    The companies that defrauded MACC were all ones that were not used previously by MACC until Kolodzinski started using them. They all provided W9s and a business license.

2.    Kolodzinski gave himself a trade-in value on his Corvette of approximately $61,000, while the actual trade in value was approximately $52,000, and with the repair costs necessary, the dealership lost approximately $10,000 on the transaction.

3.    We do not have access to all of the emails sent or received by Kolodzinski, and such a request is excessive in any case. Several emails were located, and copies are attached.

4.    J&N Marketing, a firm that Kolodzinski selected, could not provide proof of mailing. The attached "proof of mailing.pdf" that they did provide was confirmed by the postmaster to be

www.scharfbanks.com

Exhibit "C"

Christopher Blum, Esq.
Kaufman Dolowich & Voluck, LLP
Page 2

phony. Please see attached email containing instructions not to send out a mail promotion that was not followed by Kolodzinski. (mailer.pdf) Email discuss indicated that bill for design work was phony (1-19-18 email.pdf). The supposed mailing list for the mailing was also phony.

5. Kolodzinski was instructed not to do business with Sir Hooptie and Epic since the cars had hidden damage that caused customer complaints. The attached text from Kolodzinski, which was sent to Mike Anderson, Sr. by mistake ("Jason K Text to MCA.pdf"), discloses how he was desperate for money and would do whatever he could, including doing business with Rory at Epic. This clearly indicates that Kolodzinski was ignoring instructions about not doing business with Rory at Epic since he was making money personally on the dealings. (See 1-18-18 email.pdf) Kolodzinski tried to evade the instructions not to do business with Epic and Sir Hooptie by purchasing cars at the auction that they supplied.

6. The usual method to obtain payment is to submit a check request. Kolodzinski ignored instructions not to do business with certain vendors, or obtain approval prior to mailing advertisements or running radio ads.

7. The current MACC employees who were involved with this matter are Mike Anderson, Judy Arnold, Tim Jersey, Katie Keenan, and Tiffany Santiago.

8. These are names of people or companies that your investigators should try to locate:

   a. J&N Marketing (See J & N Marketing.pdf and J&N Charges.xlsx)
      i. Angie formerly at J&N Marketing, may now live in Tampa, 813-408-1109
      ii. Alicia Brown graphic designer used by J&N, is her (mother?)
      iii. Nick Cornfield, owner of J&N Marketing (See 1-22-18 email.pdf). Based in Mokena, 815-464-0004
      iv. Tim Ditonto -also worked on promotions

   b. Epic Motorsports
      i. Rory Sparling (See 1-29-18 email.pdf) One address given is 9739 Farragut St, Rosemont, IL. Initial reports were that Kolodzinski and Sparling were partners in a used car lot called Good Cars Company at 1624 Broadway St., Crest Hill, IL. He may have had a falling out with Kolodzinski and may be willing to talk

   c. Sir Hooptie (See Sir Hooptie Losses.pdf)

   d. AC Kustoms/AC Customs - invoice for $8,000 rims that were never received

   e. TLK Enterprise or TKC Entertainment. Contact with Chris (owner) who refused to provide transcripts supporting the radio time that was billed but never aired. This company was arranged by Kolodzinski. The checks were picked up (not mailed), and were cashed at a nearby currency exchange. (See TKC Entertainment.pdf)

As discussed during our telephone call of August 11th, we believe that the Complaint at Law states a cause of action. Indeed, we believe that we could prevail on a motion for full or

Christopher Blum, Esq.
Kaufman Dolowich & Voluck, LLP
Page 3

partial summary judgment. Again, we reiterate that the claims in Paragraph 10 of the Complaint at Law including subparagraphs (a), Direct Mail Advertising, $191,000; (b) Radio Advertising, $75,000; and (f) Personal Trade-In, $10,000; are clear. We intend to proceed with filing the Complaint at Law the week of September 7th after Labor Day. However if QBE agrees to pay in full within 21 days the amounts claimed in subparagraphs (a), (b), and (f) of paragraph 10 in the Complaint At Law – we will temporarily withhold filing the Complaint the week of September 7 pending further discussions.

Sincerely yours,

Eric Quandt

Theodore Banks