# EXHIBIT J

## Jean Liu

| | |
|---|---|
| **From:** | Eric Quandt <equandt@scharfbanks.com> |
| **Sent:** | Wednesday, July 21, 2021 3:05 PM |
| **To:** | Jean Liu |
| **Cc:** | Theodore Banks; Gabriela Calderon; Stefan Dandelles; Maria Preiti |
| **Subject:** | Re: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests |

[EXTERNAL SENDER]

Jean: Spoke with Ted this afternoon and yes we are reiterating and again confirming that all documents in our client's possession and control have been produced in Response to QBE's First Set of Requests to Produce. We are finalizing a Second Amended Complaint adding additional defendants which will be filed tomorrow along with a Motion.In the Motion we will state that Plaintiff's counsel has been advised by counsel for QBE that Defendant will not agree to the Motion.

---

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Wednesday, July 21, 2021, 8:40 AM
**To:** Eric Quandt
**Cc:** Theodore Banks; Gabriela Calderon; Stefan Dandelles; Maria Preiti
**Subject:** RE: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

Eric,

Thanks for your email. Please confirm that you are representing that <u>all</u> documents in your client's possession, responsive to QBE's First Set of Requests to Produce, have been produced.

Thanks,
Jean

**Jean Liu**
*Attorney at Law*



**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

135 South LaSalle St., Suite 2100
Chicago, IL 60603

| | |
|---|---|
| Direct: | 312-376-4747 |
| Cell: | 773-441-6131 |
| Main: | 312-759-1400 |
| Fax: | 312-896-9403 |
| Email: | jliu@kdvlaw.com |

1

**WWW.KDVLAW.COM**

  



**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Tuesday, July 20, 2021 2:59 PM
**To:** Jean Liu <jliu@kdvlaw.com>
**Cc:** Theodore Banks <tbanks@scharfbanks.com>; Gabriela Calderon <gcalderon@scharfbanks.com>; Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>; Eric Quandt <equandt@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

[EXTERNAL SENDER]

   Jean:  On July 8th you and I had a brief conversation and continued our call to July 15th.  On July 15th, you were on the phone with Ted Banks, myself and our legal assistant Gabriela Calderon as the three of us were together in our conference room.  In direct response to your question Ted Banks   reiterated that documents in Plaintiff's (Mike Anderson Chevrolet of Chicago ("MACC")) possession, custody or control in Response to QBE's Requests  have previously been produced to Defendant QBE. Ted noted that this had previously been explained in prior communications.

In particular, as attached to MACC's Response to QBE Requests, on October 3, 2018 Stefan Dandelles wrote a four page 15 paragraph letter directly to Judy Arnold, the Controller at MACC, the insured under the QBE Policy of Insurance. Judy Arnold responded with a three page "Answers to October 3, 2018 letter from Stefan Dandelles" and responded to each of the 15 paragraphs and produced additional documents requested. Her 3 page Answers are attached to MACC's Response to QBE Requests. These documents were in addition to those provided to QBE by MACC with its Sworn Proof of Loss ("POL"). On August 11, 2020 Ted Banks and I had a telephone conversation with Christopher Blum and followed up with correspondence to Mr. Blum via letter dated August 19, 2020 with additional information, as the documents had previously been supplied. Mr. Bank's letter to Mr. Blum is attached to MACC's Response to QBE Requests. The documents in the possession, custody or control of MACC provided by MACC to QBE in response to requests fully support the Sworn Proof of Loss Claim and the Amended Sworn Proof of Loss Claim submitted by MACC to QBE for all of the direct financial losses suffered as a result of the employee theft covered under the QBE Policy, as stated in the Amended Complaint At Law. The case against QBE is not premature and QBE should pay MACC under the policy of insurance for the direct financial losses sustained. We urge QBE to re-consider its present position.

As you noted on June 24, 2021 MACC provided QBE with its Supplemental Response to QBE Requests. In it MACC reiterates that documents and information responsive to each request in plaintiff's possession and control have been made available to the defendant. MACC also states that non-party subpoenas for documents were served, and that counsel for defendant participated in the language of the subpoenaed requests. Although woefully incomplete the documents provided by the non-parties have been shared with counsel for QBE, and although incomplete further support the claims for employee theft covered under the policy of insurance with QBE stated in the Sworn Proof of Loss Claims.

During the July 15 telephone call we also discussed MACC policies and procedures. As stated by Ted Banks the employee handbook provided to QBE is responsive to this request as it includes policies and procedures.

Finally, during our July 15 call you reiterated that QBE intends to maintain its objections to MACC's Request for documents served on QBE.

Of course we are always available to further discuss.   Eric

**Eric F. Quandt**

**Scharf Banks Marmor LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Firm: 312-726-6000
Direct: 312-662-6199
Fax: 312-726-6045

**equandt@scharfbanks.com**

www.scharfbanks.com

---

**From:** Jean Liu [mailto:jliu@kdvlaw.com]
**Sent:** Thursday, July 08, 2021 3:53 PM
**To:** Eric Quandt <equandt@scharfbanks.com>
**Cc:** Theodore Banks <tbanks@scharfbanks.com>; Gabriela Calderon <gcalderon@scharfbanks.com>; Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

Hi Eric,

Thank you for your time today.

As discussed initially at length in our April 9, 2021 deficiency letter, Mike Anderson Chevrolet of Chicago, LLC's ("MACC") February 16, 2021 Responses to QBE Insurance Corporation's ("QBE") First Set of Requests for Production were insufficient. Specifically, each of MACC's Responses to QBE's Requests referenced previous correspondence exchanged between the parties (without confirming whether there were any remaining documents in MACC's possession that would respond to QBE's Requests) and referred to "additional relevant information….in the hands of non-parties…"

We had discussed MACC's Responses to QBE's First Set of Requests for Production with you on June 3. On that date, you had requested copies of the October 3, 2018 letter issued by my firm, noting that you believed your client would be equipped to more fully respond to QBE's First Set of Requests for Production after review of same. That same day, we provided you with the requested letter, as well as a September 4, 2020 letter also issued by my firm. On June 18, we spoke again, and you noted that you would be supplementing MACC's Responses to QBE's First Set of Requests for Production by June 25, and that you believed your responses would resolve the concerns raised in our deficiency letter. We agreed to table further discussion about QBE's outstanding Requests for today.

On June 24, you provided MACC's Supplemental Response to QBE's First Set of Requests. Instead of fully responding to the issued requests, QBE proposed an identical "Supplemental Response" for each of the 12 Requests, stating that:

> Documents and information responsive to this request in plaintiff's possession and control have been made to defendant. Additionally, plaintiff has served on non-parties subpoenas for documents requesting specific relevant documents. Counsel for defendant participated in the language of the subpoena requests. Documents received pursuant to those subpoenas are being shared with defendant. Thus far, the documents received have been substantially incomplete with the specific requests included in the subpoenas. Several of the key non-party witnesses are represented by counsel. Counsel for plaintiff has been in communication with counsel for these non-party witnesses in order to obtain full compliance with the subpoenas without the necessity of presenting motions to compel. These discussions are ongoing. These documents are necessary for depositions of the non-party witnesses presently scheduled pursuant to Subpoenas for Depositions served on the non-party witnesses.

4

As you know, Rule 34 permits a requestor to obtain copies of certain items in the responding party's possession, custody, or control. As underscored in our phone call earlier today, QBE's First Set of Requests for Production seeks only items within MACC's possession, custody, or control. References in MACC's Responses to outstanding subpoenas are not relevant. Notwithstanding, MACC's Responses to date are unclear as to whether MACC has fully responded to QBE's Requests. We respectfully refer you to the points made in our April 9 deficiency letter and again request that if no other responsive documents in MACC's possession, custody, or control exist with respect to any of QBE's Requests, that MACC affirmatively state so. As discussed earlier today, it is inappropriate for MACC to point to records that may be in the hands of non-parties when specifically asked about documents that MACC (and only MACC) would have access to, like its own policies, procedures, and protocols, among other things.

We understand that you will be addressing the comments made in this morning's call before our next call on July 15 at 11 AM. We would like to resolve these issues without motion practice but will have no choice but to renew our motion to compel if we are unable to resolve the issues set forth in our April 9 letter.

We briefly note that during our June 18 call, you had represented that MACC intended to file a motion for leave to amend its complaint to include additional parties (J&N Marketing and Jason Kolodzinski) by June 25. You represented this morning that you will be making this motion by the end of next week, instead. As my colleague Stefan Dandelles and former colleague Christopher Blum have emphasized over the course of two+ years, it is inappropriate to sue QBE at this juncture, as MACC has yet to provide the information sought (and repeatedly requested) by QBE to complete its coverage investigation. We have repeatedly encouraged MACC to proceed in litigation against the wrongdoers as any case against QBE is premature. It appears that MACC is proceeding with same. Accordingly, we again urge you to reconsider your decision to sue QBE.

We are happy to jump on a call to further discuss. Otherwise, we look forward to hearing from you.


Thank you,
Jean



**Jean Liu**
*Attorney at Law*



135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct:   312-376-4747
Cell:     773-441-6131
Main:     312-759-1400
Fax:      312-896-9403
Email:    jliu@kdvlaw.com

**WWW.KDVLAW.COM**

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Tuesday, July 6, 2021 10:40 AM
**To:** Jean Liu <jliu@kdvlaw.com>; Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>
**Cc:** Theodore Banks <tbanks@scharfbanks.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** Re: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

[EXTERNAL SENDER]
Jean: I am on the East Coast visiting family back in the office this Friday morning. When I return we are planning on preparing an amended complaint and motion adding one or more additional party defendants. I should still be available for the conference call this Thursday morning 11:00 am. Eric

Get Outlook for Android

**From:** Jean Liu <jliu@kdvlaw.com>
**Sent:** Friday, June 25, 2021 9:45:58 AM
**To:** Eric Quandt <equandt@scharfbanks.com>; Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>
**Cc:** Theodore Banks <tbanks@scharfbanks.com>; Gabriela Calderon <gcalderon@scharfbanks.com>
**Subject:** RE: Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

Thanks, Eric. We will review. Are you still planning to amend Plaintiff's complaint to include additional parties today?

**Jean Liu**
*Attorney at Law*


KAUFMAN DOLOWICH VOLUCK
ATTORNEYS AT LAW

135 South LaSalle St., Suite 2100
Chicago, IL 60603

Direct: 312-376-4747
Cell: 773-441-6131
Main: 312-759-1400
Fax: 312-896-9403
Email: jliu@kdvlaw.com

# WWW.KDVLAW.COM

   

**NEW YORK | NEW JERSEY | PENNSYLVANIA | FLORIDA | ILLINOIS | CALIFORNIA**

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system.

 Please consider the environment before printing.

**From:** Eric Quandt <equandt@scharfbanks.com>
**Sent:** Thursday, June 24, 2021 1:22 PM
**To:** Jean Liu <jliu@kdvlaw.com>; Stefan Dandelles <sdandelles@kdvlaw.com>; Maria Preiti <mpreiti@kdvlaw.com>
**Cc:** Theodore Banks <tbanks@scharfbanks.com>; Gabriela Calderon <gcalderon@scharfbanks.com>; Eric Quandt <equandt@scharfbanks.com>
**Subject:** Mike Anderson Chevrolet of Chicago v. QBE Insurance Corp. / Plaintiff's Supplemental Response To Requests

[EXTERNAL SENDER]
Please see attached. Eric

**Eric F. Quandt**

**Scharf Banks Marmor LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Firm: 312-726-6000
Direct: 312-662-6199
Fax: 312-726-6045

equandt@scharfbanks.com

www.scharfbanks.com

7