# EXHIBIT T

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| QBE INSURANCE CORPORATION, | ) ) |
| Defendant. | ) |

Case No. 1:20-cv-06161

Judge Franklin U. Valderrama

Magistrate Judge Sunil R. Harjani

**QBE INSURANCE CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION TO MIKE ANDERSON CHEVROLET OF CHICAGO, LLC**

Defendant QBE Insurance Corporation ("QBE"), pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's October 29, 2021 minute order, requests that Plaintiff Mike Anderson Chevrolet of Chicago, LLC ("MACC") produce the following documents within thirty (30) days of the service of these Requests for Production. In responding to these Requests for Production, the following definitions and instructions apply:

**DEFINITIONS**

1. "MACC," "You," and/or "Your" shall refer to MACC as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent entities, predecessors, successors, assignees, agents, legal representatives, trustees, directors, officers, and/or employees.

2. "Transactions" shall mean the transactions purportedly resulting in MACC's purported loss as described in Paragraphs 10(a) – 10(f) of MACC's Amended Complaint in this litigation.

3. "Amended Complaint" shall mean the amended complaint filed on December 9, 2020, in the lawsuit entitled *Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corporation.*, No. 1:20-cv-06161 (ND Ill.).

4. "J&N Marketing" shall mean J&N Marketing Inc., as well as the entity referred to by MACC as "J&N" in Paragraph 10(a) of the Amended Complaint.

5. "TKC Entertainment" shall mean TKC Entertainment Inc., as well as the entity referred to by MACC as "TKC" in Paragraph 10(b) of the Amended Complaint.

6. "Epic Motor Sports" shall mean Epic Motor Sports Inc., as well as the entity referred to by MACC as "Epic" in Paragraph 10(c) of the Amended Complaint.

7. "Sir Hooptie" shall mean Sir Hooptie, LLC, as well as the entity referred to by MACC as "Sir Hooptie" in Paragraph 10(d) of the Amended Complaint.

8. "AC Customs" shall mean AC Customs Inc., as well as the entity referred to by MACC as "AC" in Paragraph 10(e) of the Amended Complaint.

9. "AC Kustoms" shall mean AC Kustoms Corp., as well as the entity referred to by MACC as "AC" in Paragraph 10(e) of the Amended Complaint.

10. "Person" or "persons" shall mean each and every individual, firm, corporation, corporate division, subsidiary, company, trust, law firm, partnership, joint venture, governmental branch or agency, social or political organization or any other entity, whether real or juridical or incorporated or unincorporated, encompassed within the usual or customary meaning of "person" or "persons" or otherwise encompassed within this definition.

11. "Document" or "documents" is used as broadly as allowed under the Federal Rules of Civil Procedure and includes any form of hardcopy or electronically stored information (e.g., electronic files and accompanying metadata). The term "document" or "documents" includes every original (and every copy of any original or copy which differs in any way from the original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded or transmitted by any physical, mechanical, electronic means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars, advertisements,

specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, emails, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills, and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials, or oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

12. "Communication" shall mean any and all forms of information transmission or storage, including but not limited to oral, written, electronic, telephonic, or videographic inquiries, responses to inquiries, meetings, discussions, conversations, negotiations, agreements, understandings, notes, memoranda, letters, telecopies, telefaxes, telegrams, emails, articles, reports, testimony, comments, interviews, conferences, or seminars.

13. "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to in any way, being connected with, or reflecting upon a stated subject matter.

14. The singular shall include the plural and the plural shall include the singular.

15. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

16. The term "and" shall mean "or," and "or" shall mean "and," as is necessary to call for the broadest possible answer.

**INSTRUCTIONS**

1. Each request shall be answered completely, separately, and fully.

2. In producing documents responsive to these requests, produce the documents in the same order and files in which they are kept by You, the person, or other entity involved as required in Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure.

3. If You cannot answer any of the requests in full after exercising due diligence to secure the full information and documentation to do so, so state and answer to the extent possible, specifying Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion, and describing what You did in attempting to secure the unknown information and documentation.

4. Where information or a document is requested, the request includes information or documents in Your possession, custody, or control or in the possession, custody, or control of Your present or former corporate affiliates, divisions, subgroups, subsidiaries, parent entities, predecessors, successors, assignees, agents, legal representatives, trustees, directors, officers, agents, accountants, and/or attorneys, and persons consulted concerning any factual matters or matters of opinion unless privileged or otherwise protected under the rules applicable to these requests, or otherwise unavailable to You.

5. If any information and documentation requested by these requests is claimed to be immune from discovery on the grounds of privilege or otherwise, as provided for in Rule 26(b)(5) of the Federal Rules of Civil Procedure, identify the communication or document; identify the person or persons making the communication or authoring the document and all persons receiving the information; specify the type of privilege or other reason asserted for withholding the requested information; specify the basis for the assertion; and describe the withheld information and documentation to a degree sufficient to enable QBE to assess if such claim has been properly invoked.

6. If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify each such document as completely as possible, providing as much

of the following as possible: the type of document; the date of the document; the content of the document; the date or approximate date it was lost, discarded, or destroyed; the reason or reasons for disposing of the document (if discarded or destroyed); the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; the identity of the person(s) who lost, discarded, or destroyed the document; and the identity of all persons having knowledge of the contents of the document.

7. These requests are to be regarded as continuing as provided for under Rule 26(e) of the Federal Rules of Civil Procedure. You are required to supplement or modify any response given to these requests as additional or different information and documentation becomes known to You until the conclusion of this action.

## REQUESTS FOR PRODUCTION

1. All documents related to any co-op program applications, submissions, or reimbursements from 2016 through 2018, as pertaining to any advertising or marketing prepared by J&N Marketing. For the avoidance of doubt, this request includes any documents or information with and/or accessible via the GM Global website, Chevrolet website, or any other portal or website accessible to MACC.

2. All documents related to the initial sale prices set by MACC and any subsequent sale prices approved by MACC for all vehicles at issue in the Transactions.

3. All documents reflecting MACC's accounting treatment and allocation of funds as between itself and any insurer on the sale of any insurance product, including but not limited to gap protection, extended service plan, or warranty plan, included with the sale of all vehicles MACC purchased from Sir Hooptie and Epic in 2016 through 2018.

4. All documents related to all vehicles MACC purchased from Epic in 2016 through 2018, including "deal jackets" and their complete contents an all sale information.

5. All documents regarding the Chevrolet Corvette bearing VIN No. 1G1YK32D70H5103027, including all documents regarding its sale and handling by MACC.

Dated: November 4, 2021

QBE INSURANCE CORPORATION

/s/ Stefan R. Dandelles
*One of Its Attorneys*

Stefan R. Dandelles
Jean Y. Liu
Kaufman Dolowich & Voluck, LLP
135 South LaSalle Street
Suite 2100
Chicago, IL 60603
(312) 646-6742
sdandelles@kdvlaw.com
jliu@kdvlaw.com

4879-6406-9121, v. 1