# EXHIBIT V

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-06161 |
| vs. | ) ) | Judge Franklin U. Valderrama |
| QBE INSURANCE CORPORATION, | ) ) | Magistrate Judge Sunil R. Harjani |
| Defendant. | ) ) ) | |

**QBE INSURANCE CORPORATION'S FIRST SET OF INTERROGATORIES**
**TO PLAINTIFF, MIKE ANDERSON CHEVROLET OF CHICAGO, LLC**

Defendant QBE Insurance Corporation ("QBE"), pursuant to Federal Rules of Civil Procedure 26 and 33, hereby propounds its First Set of Interrogatories to the Plaintiff Mike Anderson Chevrolet of Chicago, LLC ("MACC"). In responding to these Interrogatories, the following definitions and instructions apply:

**DEFINITIONS**

1.      "MACC," "You," and/or "Your" shall refer to MACC as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent entities, predecessors, successors, assignees, agents, legal representatives, trustees, directors, officers, and/or employees.

2.      "Transactions" shall mean the transactions purportedly resulting in MACC's purported loss as described in Paragraphs 10(a) – 10(f) of MACC's Amended Complaint in this litigation.

3.      "Amended Complaint" shall mean the amended complaint filed on December 9, 2020, in the lawsuit entitled *Mike Anderson Chevrolet of Chicago, LLC v. QBE Insurance Corporation.,* No. 1:20-cv-06161 (ND Ill.).

4.     "J&N Marketing" shall mean J&N Marketing Inc., as well as the entity referred to by MACC as "J&N" in Paragraph 10(a) of the Amended Complaint.

5.     "TKC Entertainment" shall mean TKC Entertainment Inc., as well as the entity referred to by MACC as "TKC" in Paragraph 10(b) of the Amended Complaint.

6.     "Epic Motor Sports" shall mean Epic Motor Sports Inc., as well as the entity referred to by MACC as "Epic" in Paragraph 10(c) of the Amended Complaint.

7.     "AC Customs" shall mean AC Customs Inc., as well as the entity referred to by MACC as "AC" in Paragraph 10(e) of the Amended Complaint.

8.     "AC Kustoms" shall mean AC Kustoms Corp., as well as the entity referred to by MACC as "AC" in Paragraph 10(e) of the Amended Complaint.

9.     "Kolodzinski" shall mean Jason Kolodzinski.

10.     "Person" or "persons" shall mean each and every individual, firm, corporation, corporate division, subsidiary, company, trust, law firm, partnership, joint venture, governmental branch or agency, social or political organization or any other entity, whether real or juridical or incorporated or unincorporated, encompassed within the usual or customary meaning of "person" or "persons" or otherwise encompassed within this definition.

11.     "Document" or "documents" is used as broadly as allowed under the Federal Rules of Civil Procedure and includes any form of hardcopy or electronically stored information (e.g., electronic files and accompanying metadata). The term "document" or "documents" includes every original (and every copy of any original or copy which differs in any way from the original) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded or transmitted by any physical, mechanical, electronic means whatsoever, including without limitation, books, records, papers, pamphlets, brochures, circulars,

advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, laboratory or engineering reports, correspondence, emails, communications, telegrams, memoranda, notes, notebooks, worksheets, reports, lists, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills, and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, cancelled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials, or oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

12.     "Communication" shall mean any and all forms of information transmission or storage, including but not limited to oral, written, electronic, telephonic, or videographic inquiries, responses to inquiries, meetings, discussions, conversations, negotiations, agreements, understandings, notes, memoranda, letters, telecopies, telefaxes, telegrams, emails, articles, reports, testimony, comments, interviews, conferences, or seminars.

13.     Whenever "identify" is used:

    a.   As to a document, it means to separately state:

        i.     the title of the document or description of the document;
        ii.    the date of the document;
        iii.   if the document is a letter, memorandum, or other form of correspondence, state the names and the addresses of the addressee of the document; and
        iv.   identify each person having custody or control of the original and all copies of the document.

3

        b.      As to a person, for each such person separately state:

           i.      as to an individual, his or her full and customarily used names, present home address, telephone number, and current business or profession.

           ii.      as to any non-individual, state the person's legal name and any other names used by it, and its address and telephone number.

        c.      as to an event, transaction, policy, procedure, price, bill, service, amount, contact between two or more persons, or other facts, stating:

           i.      its date;

           ii.      the place where it took place and the manner of its occurrence (e.g., face-to-face meeting of participants, telephone call, etc.);

           iii.      the identification of all its participants and eyewitnesses;

           iv.      its purpose and subject matter;

           v.      a concise description of what transpired.

14.      "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to in any way, being connected with, or reflecting upon a stated subject matter.

15.      The singular shall include the plural and the plural shall include the singular.

16.      A masculine, feminine, or neutral pronoun shall not exclude the other genders.

17.      The term "and" shall mean "or," and "or" shall mean "and," as is necessary to call for the broadest possible answer.

### INSTRUCTIONS

1.      When answering these requests, furnish all information that is available to you by whatever means, and not merely such information known to your own personal knowledge.

2.      If you cannot answer any request in full after exercising due diligence to secure the information to do so, answer to the extent possible, specify your inability to answer the remainder, and state what information you have concerning all unanswered portions.

3.       When asked to state or explain the basis or grounds for a claim, contention, allegation, or denial, you are to fully and completely set forth and describe each and every fact, act, incident, event, occurrence, omission, document, conversation, or communication which you claim or contend supports the claim, contention, allegation, or denial described in the request. Identify all witnesses whose testimony, whether in person, affidavit, or declaration, will support the claim, contention, allegation, or denial.

4.       If objection is taken to any of the following requests, or if a request is otherwise not answered in full, state the specific grounds therefor and respond to the extent to which there is no privilege or applicability of the work product doctrine. To the extent privilege is claimed, provide a privilege log describing the document and stating the basis for claiming privilege(s).

5.       The obligation to supplement the answers to the requests requested herein is intended to be of a continuing nature so that, if at any time after answering these requests the responding party learns or obtains knowledge of any information falling within the scope of these requests, the responding party should furnish such information to the attorneys propounding these requests within ten (10) days of the former's receipt of such information.

## **INTERROGATORIES**

1.       Explain the complete basis for your contention that no services were performed by J&N Marketing for MACC, including the identification of all evidence supporting such contention.

ANSWER:

2.       Explain the complete basis for your contention that no services were performed by TKC Entertainment for MACC, including the identification of all evidence supporting such contention.

ANSWER:

5

3.      Explain the complete basis for your contention that Jason Kolodzinski unlawfully took money or property from MACC with respect of the Transactions, including the identification of all evidence supporting such contention.

ANSWER:

4.      Explain the complete basis for your contention that cars were purchased by MACC at prices higher than market value from Epic Motor Sports, including the identification of all evidence supporting such contention.

ANSWER:

5.      Explain the complete basis for your contention that AC Kustoms and/or AC Customs overcharged MACC and/or charged MACC for services not rendered, including the identification of all evidence supporting such contention.

ANSWER:

Dated: November 4, 2021

QBE INSURANCE CORPORATION

/s/ Stefan R. Dandelles
*One of Its Attorneys*

Stefan R. Dandelles
Jean Y. Liu
Kaufman Dolowich & Voluck, LLP
135 South LaSalle Street
Suite 2100
Chicago, IL 60603
(312) 646-6742
sdandelles@kdvlaw.com
jliu@kdvlaw.com

4880-3104-9473, v. 1