# EXHIBIT W

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MIKE ANDERSON CHEVROLET OF CHICAGO, LLC. | )<br>)<br>) |
| Plaintiff | ) Case No.: 1:20-cv-06161<br>) |
| v. | ) Judge Franklin U. Valderrama<br>) |
| QBE INSURANCE CORPORATION | ) Magistrate Judge Sunil R. Harjani<br>) |
| Defendant. | )<br>) |

### MIKE ANDERSON CHEVROLET OF CHICAGO, LLC'S RESPONSE TO QBE INSURANCE COPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Mike Anderson Chevrolet of Chicago, LLC, by and through its attorneys, respond to Defendant QBE Insurance Corporation's First Set of Interrogatories as follows:

1. Explain the complete basis for your contention that no services were performed by J&N Marketing for MACC, including the identification of all evidence supporting such contention.

**RESPONSE:** No ads submitted for approval, therefore if any ads were sent out, they were done without authority.

2. Explain the complete basis for your contention that no services were performed by TKC Entertainment for MACC, including the identification of all evidence supporting such contention.

**RESPONSE:** No materials were submitted for approval, and therefore if any ads were run, notwithstanding specific instructions not to run radio ads, they were done without authority.

3. Explain the complete basis for your contention that Jason Kolodzinski unlawfully took money or property from MACC with respect of the Transactions, including the identification of all evidence supporting such contention.

**RESPONSE:** Jason Kolodzinski received kickbacks from J&N Marketing which was contrary to his duty of loyalty to MACC as well as specifically prohibited by the HR Policy of MACC to which he was bound. Additionally, a message was received reflecting that Jason Kolodzinski was buying cars from Epic because Jason needed more money.

4. Explain the complete basis for your contention that cars were purchased by MACC at prices higher than market value from Epic Motor Sports, including the identification of all evidence supporting such contention.

**RESPONSE:** Based on the condition of the cars from Epic, their value was below what was paid by Jason Kolodzinski. In some cases, after being told to stop purchasing from Epic, Jason Kolodzinski told Epic to sell the same cars through the auction, where they were purchased by Kolodzisnki at an excessive price. Jason was buying junk cards with accidents, body damage and mechanical issues for the price of quality vehicles.

5. Explain the complete basis for your contention that AC Kustoms and/or AC Customs overcharged MACC and/or charged MACC for services not rendered, including the identification of all evidence supporting such contention.

**RESPONSE:** In at least one case, AC Kustoms/Customs charged MACC for a set of expensive rims that were not placed on a car. MACC also found other cars on the internet without the tires and rims. In other instances, the charges for service (e.g., safety inspection) performed by AC was at a price higher than that charged by MACC's service department or other authorized outside mechanics.

Dated: December 6, 2021.                Respectfully submitted by:

                                        MIKE ANDERSON CHEVROLET OF
                                        CHICAGO, LLC


                                  By:   /s/ Eric F. Quandt

One of Its Attorneys

Theodore L. Banks #107336
Eric F. Quandt #2267519
Attorney for Plaintiff
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, Illinois 60606
(312) 726-6000
tbanks@scharfbanks.com
equandt@scharfbanks.com